■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES D. RAFFIANI, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 3, 1979, convicting defendant upon his plea of guilty of two counts of the crime of grand larceny in the second degree. Defendant owned and operated an automobile repair shop and, acting in concert with an insurance claims adjuster, he inflated bills, thereby collecting money in excess of the actual repair costs. His plea was pursuant to a negotiated plea bargain in which the sentence was to be 60 days in jail, five years' probation, a fine of $5,000 and restitution in an amount agreed upon between the District Attorney and defendant's counsel. In the event counsel could not agree, the amount of restitution was to be determined by the court after an evidentiary hearing. At sentencing, both attorneys stated the amount of restitution to be $20,000, and the court adhered to the plea bargain by inclusion of said sum as the restitution to be made. On this appeal, defendant contends that the initial agreement as recited in the sentencing minutes was for $12,000, yet the court fixed $20,000 as restitution. Defendant's brief ignores an order by the court, made and entered on May 6, 1981, in which the minutes of the sentencing hearing were corrected to reflect that counsel had actually agreed to $20,000 and the $12,000 figure was the result of a typographical error by the reporter. While a defendant should be afforded an opportunity to withdraw his plea prior to imposition of a different sentence (see *People v Selikoff,* 35 NY2d 227, cert den 419 US 1122; *People v Esposito,* 32 NY2d 921; *People v West,* 80 AD2d 680; *People v Ransom,* 55 AD2d 980), the facts of this case do not warrant such a result. Here, the court clearly adhered to the negotiated plea bargain as presented by both counsel. Upon oral argument before this court, the District Attorney conceded that the $20,000 restitution was excessive. Restitution as a condition of probation is to reflect the fruits of an offense or reparation, based upon ability to pay, for the loss or damage caused thereby (see Penal Law, § 65.10, subd 2, par [g]). Defendant erroneously contends that section 60.27 of the Penal Law (eff Sept. 1, 1980 pursuant to L 1980, ch 290, § 6) requires an evidentiary hearing to determine the amount of restitution due. In our view, the record sufficiently evidences a stipulation in open court providing for restitution of $20,000, thus obviating the need for a hearing. However, the amount of restitution should not exceed the sum set forth in an indictment as the fruits of the crime (see Penal Law, § 65.10, subd 2, par [g]). Accordingly, we modify the judgment to reduce the restitution to the sum of $14,937.76. Judgment modified, on the law and the facts, by reducing the amount of restitution to the sum of $14,937.76, and, as so modified, affirmed. Mahoney, P.J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.