■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN WHITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hentel, J.), rendered June 20, 1984, as amended October 15, 1984, convicting him of scheme to defraud in the first degree, upon a jury verdict, and sentencing him to a term of probation of five years, with a condition of such probation being that the defendant pay the sum of $5,000 to the Widows and Orphans Fund of the New York Patrolmen's Benevolent Association.

Judgment, as amended, modified, on the law, by vacating the sentence imposed. As so modified, judgment, as amended, affirmed, and matter remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

That the evidence adduced by the People was legally sufficient to support the jury's verdict has already been decided by this court in the context of an appeal, by the People, from the order of the trial court which set that verdict aside *(see, People v White,* 101 AD2d 1037). In any case, the defendant's argument in this regard is without merit. Equally meritless is the defendant's contention that a new trial is warranted because of prosecutorial misconduct or because of error in the court's charge to the jury.

However, we agree with the defendant's assertion that the sentence imposed was illegal. Penal Law § 65.10 (2) (g) (formerly [f]) provides that, as a condition of probation, the

defendant may be required to "[m]ake restitution of the fruits of his offense or make reparation, in an amount he can afford to pay, for the loss or damage caused thereby". Restitution means, in its ordinary sense, "restoration of something to its rightful owner" (Webster's Third New International Dictionary, at 1936), and the term "reparation" differs only quantitatively. Restitution is the return of all the fruits of a crime, while reparation is the partial return of as much as the defendant can afford (see, People v Lofton, 78 Misc 2d 202, 204). Both words clearly refer to the return of property to its owner. Thus, the statute which authorizes "restitution" or "reparation" as a permissible condition of probation does not authorize imposition of a condition that the defendant pay a sum to a charitable organization which was not the victim of the crime. Nor is such a condition authorized (see also, 1983 Atty Gen [Inf Opns] 72, 73-74; People v Grago, 24 Misc 2d 739). Furthermore, the amount imposed as restitution ($5,000) was not based on any judicial finding that such was either the actual amount of the fruits of the crime, or a portion thereof that the defendant could afford (see, People v Raffiani, 83 AD2d 650; People v Thigpen, 60 AD2d 860). Nor was there a hearing held by the court to determine exactly what such amounts are, as is required when such amounts cannot be determined from the record (Penal Law § 60.27 [2]; People v Clougher, 95 AD2d 860). Indeed, the court, in pronouncing sentence, acknowledged that, while it did not intend to impose a fine, it was also "not directing restitution to be made as such". The directive that the defendant pay $5,000 to the Widows and Orphans Fund of the New York Patrolmen's Benevolent Association, as a condition of probation, constitutes neither a fine, nor restitution, nor reparation. The sentence imposed is therefore unauthorized by law, and it is necessary to remit the matter for resentencing. Weinstein, J. P., Rubin, Eiber and Spatt, JJ., concur.