■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTIS BOWDEN, Appellant.—Appeal by the defendant, as limited by his motion, from so much of a sentence of the County Court, Nassau County (Samenga, J.), imposed March 30, 1983, as required him to make restitution in an amount set by the Nassau County Probation Department, upon his conviction of attempted robbery in the second degree, upon his plea of guilty.

Ordered that the sentence is reversed insofar as appealed from, on the law, and the matter is remitted to the County Court, Nassau County, for further proceedings in accordance herewith.

The defendant was convicted of attempted robbery in the second degree upon his plea of guilty. In imposing sentence, the court directed, inter alia, that defendant make "[r]estitution as mandated by Probation". The Nassau County Probation Department restitution summary, which had been submitted to the court, indicated that the victim of the crime had stated that his insurance company had reimbursed him for the bulk of his loss and that, accordingly, he was not interested in restitution. The summary went on to state that the victim's insurance company had claimed to have paid $5,174.07 in satisfaction of the claim and that it sought restitution in that amount. The Probation Department therefore recommended that restitution in the amount of $5,174.07 be paid directly to the insurance company pursuant to a certain schedule.

Under the circumstances of this case, the court did not err in providing that restitution be made directly to the victim's

insurance company *(see, People v Hall-Wilson,* 69 NY2d 154). However, the procedure employed by the court was improper. In simply directing restitution "as mandated" by the Probation Department, the court failed to perform its duty to make an independent judicial finding as to the actual amount of the loss due to the crime or as to the defendant's ability to pay *(see, People v White,* 119 AD2d 708). While the Probation Department may be called upon by the court to act as a preliminary fact finder in this regard and to submit its recommendation, in the last analysis it is for the court alone to impose the sentence and to fix the amount of restitution and the manner of performance *(see,* Penal Law §§ 60.27, 65.10; *People v Fuller,* 57 NY2d 152).

Accordingly, the matter must be remitted to County Court, Nassau County, so that the court may determine whether the defendant should be required to make restitution and, if so, the amount of restitution and the manner of performance. Mollen, P. J., Mangano, Brown and Eiber, JJ., concur.