■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. JACKSON, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered March 23, 1987, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree (two counts) and criminal possession of a weapon in the third degree.

Defendant's sole contention is that the imposition of full restitution totaling $1,750 to the victims of two of his armed robberies was not part of the plea bargain and should not have been imposed by County Court as part of its sentence.

We disagree. During the plea allocution, the prosecutor specifically reserved the right to seek restitution. When the issue was again raised at the time of sentence, due to the confusion as to whether restitution was included in the plea agreement, the court specifically accorded defendant an opportunity to withdraw his plea. After consulting with counsel, defendant declined to do so. Moreover, contrary to the suggestion in defendant's brief, County Court set full restitution at sentencing and agreed to hold a further hearing to resolve any further questions (see, Penal Law § 60.27 [2]; CPL 400.30 [1]). Subsequently, defendant agreed to full restitution in the amount of $1,750, thereby foregoing a formal restitution hearing. A sentencing court must consider according restitution to crime victims whether or not encompassed in a plea bargain (Penal Law § 60.27 [1]; see, People v Felman, 141 AD2d 889, 890). In our view, the award made herein was entirely appropriate.

Judgment affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.