■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE ROWE, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Upon his plea of guilty to one count of criminal possession of a controlled substance in the third degree, defendant was sentenced as a second felony offender to a term of imprisonment of 4½ to 9 years and was ordered to pay $1,510 in restitution to the Rochester Police Department. The $1,510 represented unrecovered drug "buy" money ex-

pended by the police in effecting defendant's arrest. For reasons that follow, we conclude that the order of restitution is not authorized by Penal Law § 60.27, and we vacate that part of defendant's sentence.

Penal Law § 60.27 (1) provides that the sentencing court "shall consider restitution to the victim of the crime and may require restitution as part of the sentence imposed". It is the policy of the State "to encourage restitution by a person convicted of a criminal offense to the victims of his or her criminal activities in appropriate cases and to the extent that the defendant is reasonably able to do so" (legislative findings, L 1983, ch 397, § 1).

The term "victim" is not defined in Penal Law § 60.27 and the issue of whether a law enforcement agency is a victim qualified to receive restitution of drug "buy" money has not been decided at the appellate level in this State. Other jurisdictions have considered the issue. A Nebraska statute expressly provides for the recoupment of "buy" money from a defendant convicted of a drug offense *(see,* Neb Rev Stat § 28-427 [1985]). North Carolina expressly prohibits restitution to government agencies for normal operating costs *(see,* NC Gen Stat § 15A-1343 [d]). In jurisdictions where the term "victim" has specifically been defined, courts have found that a police department is a victim for purposes of restitution *(see, e.g., State v Pettit,* 73 Ore App 510, 698 P2d 1049, *review denied* 299 Ore 522, 702 P2d 1112; *Commonwealth v Mourar,* 349 Pa Super 583, 504 A2d 197, *vacated on other grounds* 517 Pa 83, 534 A2d 1050). In Illinois, however, where, as here, the applicable statute contains no definition of the term "victim", it has been held that a drug enforcement agency is not a victim for purposes of restitution: "While certainly we would be remiss were we to hold that unlawful delivery of a controlled substance is a victimless crime, we would be blinking reality were we not to acknowledge that many, if not most, offenders are brought to justice through the efforts of undercover agents making buys with public monies. We will not, however, strain the commonly accepted understanding of the word 'victim' so as to include the public drug enforcement agency, MEG, in the case before us. Where public monies are expended in the pursuit of solving crimes, the expenditure is part of the investigating agency's normal operating costs. The governmental entity conducting an investigation is not therefore considered a 'victim' to the extent that public monies are so expended. *Evans* v. *Garrison* (4th Cir. 1981), 657 F.2d 64." *(People v Evans,* 122 Ill App 3d 733, 740, 461 NE2d 634, 639.)

Having found in this State no expression of legislative intent to the contrary, we adopt the compelling analysis of the Illinois appellate court and conclude that defendant was improperly sentenced to make restitution to the Rochester Police Department. That part of the sentence must be vacated. (Appeal from judgment of Monroe County Court, Marks, J.—criminal possession of controlled substance, third degree.) Present—Dillon, P. J., Doerr, Boomer, Balio and Davis, JJ.