OPINION OF THE COURT
Marie G. Santagata, J.
The court has reviewed defendant’s objection to restitution *725 dated June 12, 1989 and the People’s affirmation in opposition dated August 1, 1989.
Defendant objects to this court’s imposition upon the defendant of restitution to the Long Island Drug Enforcement Agency Task Force (DEA) in the amount of $8,000.
On April 26, 1989, the defendant pleaded guilty to the class B felony of criminal sale of a controlled substance in the third degree, under indictment No. 68315. On June 9, 1989, this court sentenced defendant to a term of lVz to AVz years of imprisonment, a fine of $5,000 and issued an order of protection in favor of Michael Shapiro, the government’s informant. At the time of sentence, defendant objected to the court’s ordering restitution to the Drug Enforcement Agency in the amount of $8,200. The court did not in fact order restitution, but directed defense counsel to submit papers stating defendant’s objections.
Defendant objects to the imposition of restitution for the following reasons: (1) that it constituted a unilateral modification of the plea bargain agreement; (2) that the $5,000 fine was the only agreed upon monetary consideration; (3) that no victim impact statement was filed by the District Attorney; (4) that the District Attorney did not request, expect or seek repayment of the $8,200; (5) that the $8,200 payment does not constitute "restitution” as that term is meant or intended under section 60.27 of the Penal Law and is therefore unlawful; (6) that the $8,200 is not alleged to be the "profit” obtained by this defendant from the criminal activity at bar; and (7) that the restitution order is unconstitutional under the New York State and United States Constitutions.
The motion is denied.
Section 60.27 (1) of the Penal Law directs the court to consider restitution "[i]n addition to any of the dispositions authorized by * * * article [60]”. Restitution is to be considered at the time of sentencing whether or not it was considered part of a plea bargain. (People v Felman, 141 AD2d 889 [3d Dept 1988], lv denied 72 NY2d 918; People v Jackson, 143 AD2d 473 [3d Dept 1988].) "Thus, in an appropriate case for restitution or reparation, any sentence promise, included within a plea-bargain, in which restitution or reparation was not properly considered, may, as a matter of law, be subject to such consideration 'at the time of sentencing.’ ” (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 60.27 [1], at 192.) Thus the court’s authority *726 to consider restitution at the time of sentencing is an additional remedy beyond those encompassed within a plea bargain entered into between the parties.
In so imposing sentence, the court was acting upon the recommendations provided by the Probation Department in the "Restitution Summary” it attached to its presentence report to the court. The court examined Probation’s recommendations, found them to have merit and imposed a sentence in accordance therewith. Defendant’s contentions that no victim impact statement was filed and that the District Attorney did not seek the restitution order are baseless.
While Penal Law § 60.27 does not specifically define "victim”, the Drug Enforcement Agency is a proper victim within the meaning of that section. In the course of its investigation into the offense committed by this defendant, the Drug Enforcement Agency paid $8,200 to purchase a controlled substance from the defendant. This money was never recovered from the defendant. Clearly, these funds are the "fruits” of defendant’s crime and reparation must be made since "[r]estitution [, by definition,] is the return of * * * the fruits of a crime”. (People v White, 119 AD2d 708, 709 [2d Dept 1986].) Defendant’s "profit” margin is irrelevant in determining the damages suffered by the Drug Enforcement Agency.
Defendant’s reliance on People v Appel (141 AD2d 374 [1st Dept 1988]) and People v White (supra) is misplaced. In both Appel and White, the Appellate Division held that charities servicing victims of similar crimes were not "victims” of the defendant’s conduct, whereas here the Drug Enforcement Agency suffered a loss directly attributable to defendant’s criminal conduct.
Further, defendant’s contention that he was a mere agent for the buyer in this transaction is without merit. In accepting the plea agreement, defendant admitted his guilt of the offense charged and thereby waived any right he had to claim the agency defense at a later time. While there is no mechanical formula for determining when a claim is forfeited by a defendant’s guilty plea, "[d]ue concern for finality in criminal prosecutions and for the conservation of judicial resources requires that, in the absence of constitutional or jurisdictional defects, a guilty plea should end the litigation.” (People v Prescott, 66 NY2d 216, 220 [1985], cert denied 475 US 1150.) "[S]ince a plea usually removes the issue of factual guilt from a case, resolution of the question may be guided by determin *727 ing whether the claim relates to the factual elements of the crime charged, or to some other, fundamental matter.” (People v Taylor, 65 NY2d 1, 5 [1985].)
Here, the defense of agency does not involve a fundamental right, such as the right to a mandated competency hearing (see, People v Verrone, 96 AD2d 955 [2d Dept 1983]), but rather, involves a factual assertion, such as entrapment (see, People v Richards, 89 AD2d 1043 [3d Dept 1982]) and as such, defendant has waived his right to assert it.
Finally, the court reiterates that the funds here involved were not the costs and expenses of the Drug Enforcement Agency investigation, but rather the consideration for the sale by defendant of a controlled substance and thus the fruits of the crime. The court also notes that defendant did not request a hearing on the matter under section 60.27 (2) of the Penal Law to determine the propriety of the amount.
The court has examined the remainder of defendant’s contentions and finds them to be without merit.
Therefore, the defendant’s motion is denied in all respects.
This court hereby orders that the District Attorney file a civil judgment in the amount of $8,200 to the benefit of Drug Enforcement Agency Task Force, Huntington Quad, Melville, N.Y. (Attn: Special Agent in Charge) plus a 5% surcharge to Nassau County Treasurer, c/o Nassau County Probation Dept., P.O. Box 189, Mineóla, N.Y. 11501.