■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FORTUNATO BRAVO, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered November 10, 1988, convicting him of driving while intoxicated, upon his plea of guilty, and imposing sentence.

Ordered that appellant's counsel is directed to attempt to contact his client and ascertain whether his client wishes to pursue his appeal, and to report the results of his efforts to this court, and the appeal is held in abeyance in the interim.

We find that there is at least one nonfrivolous issue which could be raised by the defendant on appeal, i.e., the propriety of the procedure used by the sentencing court in directing that the amount of restitution be determined by the Department of Probation *(see, People v Fuller,* 57 NY2d 152; *see also, People v Miller,* 133 AD2d 784; *People v Barnes,* 135 AD2d 825, 826; *People v Bowden,* 131 AD2d 581, 582; *People v White,* 119 AD2d 708, 709). Therefore, the judgment may not be affirmed in accordance with the so-called *"Anders"* procedure *(cf., Anders v California,* 386 US 738).

Due to assigned counsel's failure (and possible inability) to contact his client, it is not clear whether the defendant wishes to pursue this appeal, and to submit himself to resentencing

based upon this apparent error, since it is possible that the amount of restitution ultimately found owing by the court might exceed the amount which has presumably been calculated by the Department of Probation in accordance with the defendant's sentence. The Department of Probation should still have the defendant under its supervision and assigned appellate counsel should therefore ascertain whether his client can be contacted through that agency. If efforts to contact the defendant through this agency are unavailing, then this court will dismiss the appeal on the basis of abandonment, rather than on the basis of an *"Anders"* review *(see, People v Flemming,* 104 AD2d 1048). If the defendant is contacted, and insists on pursuing the appeal which he has taken, then this court will assign new counsel.

The appeal is held in abeyance in the interim. Mangano, J. P., Bracken, Rubin, Kooper and Rosenblatt, JJ., concur.