■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PURCELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Patsalos, J.), rendered April 11, 1989, convicting him of attempted official misconduct, upon his plea of guilty, and sentencing him to one year of probation, 200 hours of community service, restitution in the amount of $3,000 plus a surcharge of $150, and a mandatory surcharge of $60.

Ordered that the judgment is modified, on the law, by vacating the provisions of the sentence concerning restitution; as so modified, the judgment is affirmed and the matter is remitted to the County Court, Orange County, for further proceedings pursuant to CPL 460.50 (5).

As part of the sentence of probation, the court directed the defendant to make restitution to Orange County in the amount of $3,000 plus a 5% surcharge of $150. This amount purportedly represented reimbursement to the county for the costs of the investigation and prosecution of this case by a Special Prosecutor.

Penal Law § 65.10 (2) (g) provides that, as a condition of probation, the defendant may be required to "[m]ake restitution of the fruits of his offense or make reparation, in an amount he can afford to pay, for the loss or damage caused thereby" *(see also,* Penal Law § 60.27 [1]). The term "restitution" has been defined as the return of all the fruits of the crime, while "reparation" refers to the return of as much as the defendant can afford *(see, People v White,* 119 AD2d 708, 709). Both terms clearly pertain to the return of property to its owner *(see, People v White, supra).* The expenditure of money by the county in prosecuting the defendant herein was part of its law enforcement operating costs, and the county

does not thereby become a "victim" as used in Penal Law § 60.27 (1) *(see, People v Rowe,* 152 AD2d 907, *affd* 75 NY2d 948 *for reasons stated at App Div; see also, People v Baker,* 39 Cal App 3d 550, 113 Cal Rptr 248). Thus, the directive that the defendant pay a total sum of $3,150 to the county was unauthorized by the statute and must be vacated *(see, People v Rowe, supra; People v Appel,* 141 AD2d 374; *People v White, supra).*

The defendant's plea of guilty, which he does not challenge, operated as a forfeiture of his right to appellate review of the denial of that branch of his motion which sought dismissal of the indictment in the interest of justice *(see, People v Persico,* 131 AD2d 603; *People v Guerra,* 123 AD2d 882; *People v Macy,* 100 AD2d 557).

We decline to disturb the remainder of the sentence since it was within the bounds of the applicable sentencing statutes and was not excessive *(see, People v Farrar,* 52 NY2d 302; *People v Suitte,* 90 AD2d 80). Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.