■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARDO CERNA, Appellant.—Appeal by the defendant from two judgments of the County Court, Rockland County (Nelson, J.), both rendered June 21, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under indictment No. 354/87, upon a jury verdict, and criminal possession of a controlled substance in the fourth degree under indictment No. 20/88, upon his plea of guilty, and imposing sentences.

Ordered that the judgment under indictment No. 354/87, is modified, on the law, by vacating so much of the sentence as directed the defendant to make restitution in the sum of $520 to the Rockland County Narcotics Task Force; as so modified, the judgment under indictment No. 354/87 is affirmed; and it is further,

Ordered that the judgment under indictment No. 20/88 is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt under indictment No. 354/87 beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The sentencing court, however, improperly ordered the defendant to make restitution to the Rockland County Narcotics Task Force for unrecovered drug "buy" money expended by it in effecting the defendant's arrest. Whenever an expendi-

ture of public moneys is made by a law enforcement agency in the pursuit of solving crimes, the governmental agency is not considered a "victim" within the meaning of Penal Law § 60.27 (1) (see, People v Rowe, 152 AD2d 907, affd 75 NY2d 948). Rubin, J. P., Balletta, Rosenblatt and Miller, JJ., concur.