■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE PFAUDLER, Appellant.—Appeal by the defendant from two judgments of the County Court, Orange County (Pano Z. Patsalos, J.), both rendered April 28, 1989, convicting him of attempted burglary in the third degree under indictment No. 247/87, and bail jumping in the second degree under indictment No. 290/88, upon his pleas of guilty, and sentencing him to an indeterminate term of 2 to 6 years' imprisonment under indictment No. 247/87, and a conditional discharge under indictment No. 290/88, the condition being that within nine months of being released from prison, the defendant pay the sum of $1,900 to the County of Orange or to the office of the District Attorney of Orange County.

Ordered that the appeal from the judgment rendered under indictment No. 247/87 is dismissed as abandoned; and it is further,

Ordered that the judgment rendered under indictment No. 290/88 is modified by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for the imposition of a new sentence.

A law enforcement agency is not a "victim" as defined in Penal Law § 60.27 such that it is qualified to receive restitution for " 'public monies * * * expended in the pursuit of solving crimes' " (*People v Rowe*, 152 AD2d 907, 908, *affd* 75 NY2d 948). Although the defendant did not previously object to this aspect of his sentence, "it has long been the law that the 'essential nature' of the right to be sentenced as provided by law, though not formally raised at the trial level, preserves

a departure therefrom for review" *(People v Fuller,* 57 NY2d 152, 156).

The matter is therefore remitted for a new sentence on the defendant's bail jumping conviction. Mangano, P. J., Kunzeman, Kooper, Sullivan and O'Brien, JJ., concur.