■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GONZALEZ, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Wexner, J.), imposed January 17, 1989, upon his conviction of attempted criminal sale of a controlled substance in the first degree, after a plea of guilty, the sentence being a term of imprisonment plus restitution in the amount of $1,650.

Ordered that the sentence is modified, on the law, by vacating the provision of the sentence concerning restitution; as so modified, the sentence is affirmed.

Upon his plea of guilty to one count of attempted criminal sale of a controlled substance in the first degree, the defendant was sentenced to a term of imprisonment and was ordered to make restitution *(see,* Penal Law § 60.27) in the amount of $1,650, that sum representing police "buy" money handed over to the defendant during two of the sales to undercover officers upon which this prosecution was premised.

It is now established, however, that a police department which parted with money is not a "victim" within the meaning of Penal Law § 60.27 *(see, People v Rowe,* 152 AD2d 907, *affd* 75 NY2d 948; *see also, People v Purcell,* 161 AD2d 812). Since the directive that the defendant pay $1,650, which the sentencing court ordered the District Attorney to collect by entry of a judgment *(see,* CPL 420.10 [5]) is unauthorized by statute *(see, People v Purcell, supra; People v Rowe, supra),* it must be vacated, notwithstanding the defendant's failure to protest the directive at the time it was issued *(see, People v Fuller,* 57 NY2d 152, 156; *see also, People v Seaberg,* 74 NY2d 1, 10).

We decline to disturb the remainder of the sentence inasmuch as it was imposed pursuant to a negotiated plea and was not excessive *(see, People v Kazepis,* 101 AD2d 816; *see also, People v Suitte,* 90 AD2d 80). Bracken, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.