■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNIE SIMMONS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered October 15, 1987, convicting her of attempted criminal sale of a controlled substance in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the provision thereof which requires the defendant to make restitution in the amount of $20; as so modified, the judgment is affirmed.

Having failed to move prior to the imposition of sentence to withdraw her plea, the defendant has not preserved her instant challenge to the sufficiency of the plea allocution for appellate review *(see, People v Pellegrino,* 60 NY2d 636), and we decline to exercise our interest of justice jurisdiction to reach the issue.

However, that part of the sentence which ordered restitution in the sum of $20 to reimburse the police department for the pre-recorded money used in the crack-cocaine sale upon which this prosecution was premised, must be vacated. A law enforcement agency is not a "victim" within the meaning of Penal Law § 60.27 such that it is qualified to receive restitution for " 'public monies * * * expended in the pursuit of solving crimes' " *(People v Rowe,* 152 AD2d 907, 908, *affd* 75 NY2d 948). Because the restitution is unauthorized by statute, it must be vacated notwithstanding that the defendant agreed to it as part of the plea bargain *(see, People v Fuller,* 57 NY2d 152; *People v Gonzalez,* 164 AD2d 943; *People v Pfaudler,* 164 AD2d 873). Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.