■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIRO HERNANDEZ, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Goodman, J.), rendered May 15, 1989, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, the sentence being an indeterminate term of three years to life imprisonment and payment of restitution in the amount of $700.

Ordered that the sentence is modified, on the law, by vacating the provision of the sentence directing payment of restitution; as so modified, the sentence is affirmed.

Upon his plea of guilty to criminal sale of a controlled substance in the second degree, the defendant was sentenced to a term of imprisonment and was directed to make restitution (see, Penal Law § 60.27) in the amount of $700, representing money given to the defendant by the police during the sale to the undercover officer upon which this prosecution was premised. "It is now established, however, that a police department which parted with money is not a 'victim' within the meaning of Penal Law § 60.27" (People v Gonzalez, 164 AD2d 943, 944). Since the directive that the defendant make restitution is unauthorized by statute or case law, it must be vacated, notwithstanding the defendant's failure to protest the directive at the time it was issued (see, People v Fuller, 57 NY2d 152, 156).

We decline to disturb the remainder of the sentence inasmuch as it was imposed pursuant to a negotiated plea and was not excessive (see, People v Kazepis, 101 AD2d 816). Mangano, P. J., Kunzeman, Lawrence, Harwood and Miller, JJ., concur.