■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WOODS, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (Orenstein, J.), both rendered May 31, 1989, convicting him of criminal possession of a weapon in the third degree under Indictment No. 63477, and criminal sale of a controlled substance in the fourth degree under Indictment No. 68007, upon his pleas of guilty, and sentencing him to concurrent indeterminate terms of one and one-half to three years imprisonment under Indictment No. 63477 and three to six years imprisonment under Indictment No. 68007, and directing him under Indictment No. 68007 to pay restitution in the amount of $30 to the Nassau County Police Department.

Ordered that the judgment rendered under Indictment No. 63477 is affirmed; and it is further,

Ordered that the judgment rendered under Indictment No. 68007 is modified, as a matter of law, by deleting therefrom the provision directing the payment of restitution; as so modified, the judgment rendered under Indictment No. 68007 is affirmed.

The defendant argues that it was error for the sentencing court to direct him to pay restitution in the amount of $30 to the Nassau County Police Department. This sum represents the unrecovered, so-called "buy" money which was expended during an undercover drug sale on June 3, 1987, resulting in the defendant's arrest. Penal Law § 60.27 (1) provides that "the court shall consider restitution to the victim of the crime and may require restitution as part of the sentence imposed upon a person convicted of an offense". However, the imposition of restitution was improper since the the Police Department, in this instance, was not considered a "victim" of a crime to whom restitution may be made (People v Rowe, 152 AD2d 907, affd 75 NY2d 948). We note that effective November 1, 1991, Penal Law § 60.27 has been amended to add subdivision (9), which now permits the payment of restitution to law enforcement agencies (L 1991, ch 545).

The defendant also contends that he was deprived of his constitutional right to a speedy trial. This claim is unpreserved for appellate review as the defendant failed to raise the issue in the Supreme Court (see, People v Whisby, 48 NY2d

834; *People v Lieberman,* 47 NY2d 931; *People v Adams,* 38 NY2d 605). In any event, after consideration of the factors set forth in *People v Taranovich* (37 NY2d 442, 445) we find that the defendant was not deprived of his constitutional right to a speedy trial *(see, People v Thompson,* 140 AD2d 652; *People v Johnston,* 111 AD2d 262; *compare, People v Mitchell,* 106 AD2d 478). Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.