■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO MONTALVO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered January 3, 1990, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and sentencing him to an indeterminate term of six years to life imprisonment and payment of $6,000 in restitution.

Ordered that the judgment is modified, on the law, by deleting therefrom the provision which directed the defendant to pay $6,000 in restitution; as so modified, the judgment is affirmed.

The defendant entered his guilty plea knowingly and voluntarily, after full consultation with his attorney. The term of the of imprisonment imposed was within the terms of the negotiated plea agreement and we discern no basis to disturb the plea or reduce the term of imprisonment.

Although the defendant does not raise the issue, the People point out, and we agree, that in light of the holding of the Court of Appeals in *People v Rowe* (75 NY2d 948), at the time

sentence was imposed the court was without authority to direct restitution in the sum of $6,000, representing money expended by the police to purchase controlled substances *(see, People v Rowe, supra; People v Titer,* 176 AD2d 371; *People v Aparicio,* 175 AD2d 807; *People v Williams,* 175 AD2d 298). We note that Penal Law § 60.27 has since been amended, effective November 1, 1991, to add a new subdivision authorizing restitution to law enforcement agencies to cover their expenditures of funds used in the purchase of drugs as part of investigations leading to convictions *(see,* L 1991, ch 545). Lawrence, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.