■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. SNOW, Appellant.—Appeal by the defendant, as limited by his notice of motion, from so much of a sentence of the County Court, Dutchess County (King, J.), imposed February 13, 1991, as ordered him to pay restitution in the amount of $1,766.52 plus a surcharge of $88.33 to the District Attorney of Dutchess County for expenses incurred in returning the defendant to the State of New York.

Ordered that the sentence is modified, on the law, by striking the provision directing the defendant to pay restitu-

tion in the amount of $1,766.52, plus a surcharge of $88.33 to the District Attorney of Dutchess County for expenses incurred in returning the defendant to the State of New York, and substituting therefor a provision ordering the defendant to pay a mandatory surcharge of $100 with a crime victim's assistance fee of $2.

We decline the People's invitation to reconsider our holding in *People v Pfaudler* (164 AD2d 873), which vacated a similar restitution provision imposed under a conditional discharge upon a conviction for bail jumping. Neither a County nor its District Attorney is a "victim" as defined in Penal Law § 60.27 such that either might be qualified to receive restitution for " 'public monies * * * expended in the pursuit of solving crimes' " *(People v Rowe,* 152 AD2d 907, 908, *affd* 75 NY2d 948). The Legislature recently overturned the effect of *Rowe* by amending Penal Law § 60.27 so that under certain circumstances a law enforcement agency of this State may be a "victim" for purposes of receiving restitution, but that provision's effective date was November 1, 1991; consequently, it can have no effect on the present case *(cf., Murphy v Board of Educ.,* 104 AD2d 796, *affd* 64 NY2d 856).

We note, however, that the amendment does not affect cases such as *People v Pfaudler (supra).* The new law gives a sentencing court the power to direct such a payment in only one instance—where the agency involved "has expended funds in the purchase of any controlled substance" from a person later convicted of a class A, B, C, or D drug sale felony as part of the investigation leading to such a felony conviction (Penal Law § 60.27 [9], as amended by L 1991, ch 545). That was the factual circumstance in *People v Rowe (supra).* As the Senate memorandum in support of the bill indicates, the purpose of the amendment is to make clear that the Legislature "intends quite specifically that no defendant, particularly those convicted of drug offenses should profit from a wrong * * * *the amendment does not reward law enforcement agencies for apprehension of criminals* * * * it seeks to prevent convicted narcotics offenders from reaping a windfall" (NY State Senate Mem in Support of Legislation, S-3072A [1991] [emphasis supplied]). Thus, it would appear that the Legislature—at least at this juncture—has determined that, with the narrow exception for recovery of drug "buy money", restitution may not be had by a law enforcement agency *(see also, People v Raines,* 157 AD2d 874).

However, and in view of the finding of the sentencing court that the defendant is not indigent, we are restoring the

mandatory surcharge and crime victim's assistance fee which should have been imposed (see, Penal Law § 60.35 [1] [a]).

We have undertaken this review notwithstanding the defendant's failure to object to the restitution provision at the time of sentencing because the appeal concerns "the right to be sentenced as provided by law" (People v Fuller, 57 NY2d 152, 156; People v Pfaudler, supra). Mangano, P. J., Sullivan, Ritter and Copertino, JJ., concur.