■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHFORD GRANT, Appellant.—Appeals by the defendant from two judgments of the County Court, Nassau County (Delin, J.), both rendered August 19, 1988, convicting him of criminal sale of a controlled substance in the second degree under Indictment No. 67302, and criminal sale of a controlled substance in the third degree under Indictment No. 68346, upon his pleas of guilty, and imposing sentences.

Ordered that the judgment rendered under Indictment No. 67302 is affirmed; and it is further,

Ordered that the judgment rendered under Indictment No. 68346 is modified, on the law, by deleting the provision thereof directing the payment of restitution; as so modified, the judgment under Indictment No. 68346 is affirmed.

On appeal, the defendant contends that his guilty plea under Indictment No. 68346 was involuntarily obtained be-

cause the County Court failed to inform him that he might be required to pay restitution. However, since the defendant failed to raise this claim in his motion to withdraw his plea, or by way of a motion pursuant to CPL 440.10 to vacate the judgment, it is unpreserved for appellate review (see, People v Pellegrino, 60 NY2d 636; People v Ellis, 163 AD2d 611; People v Leger, 135 AD2d 835). In any event, at the time of sentencing the court was without authority to direct restitution of the "buy money" expended by the police to purchase narcotics from the defendant (see, People v Rowe, 75 NY2d 948; People v Montalvo, 178 AD2d 560; People v Woods, 177 AD2d 731). Accordingly, as the People concede, the defendant's sentence under Indictment No. 68346 must be modified by vacating the restitution requirement. We note that Penal Law § 60.27 was amended effective November 1, 1991, to authorize restitution to law enforcement agencies for unrecovered funds used in the purchase of drugs as part of investigations leading to convictions (see, Penal Law § 60.27 [9]).

There is no basis for vacatur of the plea under Indictment No. 67302 (cf., People v Clark, 45 NY2d 432). Bracken, J. P., Lawrence, Eiber and Miller, JJ., concur.