■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD L. LEWIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered July 26, 1990.

Ordered that the appeal is dismissed *(see, People v Seaberg,* 74 NY2d 1). Thompson, J. P., Sullivan, Harwood, Miller and O'Brien, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GWENDOLYN MCNATT, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered February 7, 1990, convicting her of criminal possession of a controlled substance in the fifth degree, upon her plea of guilty, and sentencing her to an indeterminate term of two to four years imprisonment and $40 in restitution.

Ordered that the judgment is modified, on the law, by deleting therefrom the provision which directed the defendant to pay $40 in restitution; as so modified, the judgment is affirmed.

At the time the sentence was imposed, the court lacked authority to direct the defendant to make restitution of the $40 in unrecovered "buy" money expended during the undercover drug sale that resulted in the defendant's arrest *(see, People v Rowe,* 75 NY2d 948; *People v Williams,* 171 AD2d 713). Since this restitution was unauthorized under Penal Law § 60.27, that provision of the sentence must be vacated, even though the defendant agreed to it as part of the plea bargain *(see, People v Simmons,* 171 AD2d 822). We note that Penal Law § 60.27 was amended effective November 1, 1991, to authorize restitution to law enforcement agencies for unrecovered funds used in the purchase of drugs as part of investigations leading to convictions *(see,* Penal Law § 60.27 [9]).

We find that, based on the record before us, the contention of ineffective assistance of counsel raised by the defendant in her supplemental *pro se* brief is without merit *(see, People v Baldi,* 54 NY2d 137). Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.