■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN SANCHEZ, Appellant.—Appeal by the defendant from two judgments of the County Court, Rockland County (Nelson, J.), both rendered July 10, 1990, convicting him of criminal sale of a controlled substance in the second degree (two counts; one each as to Indictment Nos. 89-172 and 89-185), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are modified, on the law, by vacating the provisions of the sentences imposed thereunder requiring that the defendant make restitution in the sum of $1,320 to the Rockland County Narcotics Task Force; as so modified, the judgments are affirmed.

At the time of sentencing, the court was without authority to direct restitution of the so-called "buy money" expended by the police to purchase narcotics from the defendant *(see, People v Rowe,* 75 NY2d 948, *affg* 152 AD2d 907; *People v Grant,* 181 AD2d 742; *People v Rodriguez,* 179 AD2d 789). Accordingly, as the People concede, the defendant's sentences must be modified by vacating the requirement of restitution. We note that Penal Law § 60.27 has since been amended,

effective November 1, 1991, to add a new subdivision authorizing restitution to law enforcement agencies for unrecovered funds used in the purchase of drugs as part of investigations leading to convictions (see, Penal Law § 60.27 [9], as added by L 1991, ch 545). Harwood, J. P., Eiber, Ritter and Copertino, JJ., concur.