■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NARCIUSSUS DELLAMORE, Appellant.—Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), rendered August 16, 1988, convicting defendant, after a jury trial, of conspiracy in the second degree, and sentencing him to a term of imprisonment of 7 to 21 years, unanimously affirmed.

The indictment herein charged defendant with conspiracy in the second degree in connection with arson of an occupied Manhattan apartment building in the early morning hours of February 24, 1986.

Evidence adduced at trial was that over a period of approximately two months, defendant met with and planned the arson with Gregory Gelman (the building's owner, who sought retaliation for a rent strike), Emanuel Kryzhanovsky (Gelman's brother-in-law), Dwayne Robinson (defendant's roommate), Christopher Hicks, Michael Hicks, and Brian Ware (also defendant's roommate).

The details of the arson were revealed through the testimony of accomplices Dwayne Robinson, Christopher Hicks, Michael Hicks, and Brian Ware, who were present when the building was set afire. Each testified that he had agreed to give evidence against defendant in exchange for leniency regarding his own sentence upon conviction for the arson.

Corroboration of the accomplice testimony was provided, in

part, by testimony of a Department of Motor Vehicles Supervisor that on February 13, 1986, defendant had purchased a used car that, according to the accomplice testimony, he had planned to utilize to transport the gasoline for the arson (however, that car was impounded by the police on February 15, 1986). Further corroboration of the accomplice testimony was provided by evidence of defendant's own statements to a fellow-inmate detailing his involvement with the arson.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt of conspiracy in the second degree is amply supported *(People v Bleakley,* 69 NY2d 490). Indeed, we view the evidence here as overwhelming. Any issues of credibility that may have been raised by the acknowledged criminal history and cooperation agreements of the accomplice and inmate witnesses were properly placed before the jury. Its determinations, not unreasonable, will not be disturbed by this court *(see, e.g., People v Rivera,* 121 AD2d 166, *affd* 68 NY2d 786).

The prosecutor properly brought to the attention of the trial court and counsel for Michael Hicks, following that witness' direct and cross-examination (at which his counsel was absent), that she believed Hicks had violated his cooperation agreement requiring his truthful testimony *(see, e.g., People v Olmo,* 153 AD2d 544, 545). Thereafter, the trial court appropriately exercised its discretion in allowing Hicks and his attorney the opportunity to speak about this concern and, following Hicks' waiver of the attorney-client privilege, in allowing full exploration of the issue during re-direct and re-cross-examination *(see, e.g., People v Enrique,* 165 AD2d 13, 17-18, *lv granted* 77 NY2d 912).

We have considered defendant's additional claims and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Smith, JJ.