■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CRUZ, Appellant.—Appeal by the defendant from four judgments of the County Court, Nassau County (Thorp, J.), all rendered May 31, 1990, convicting him of burglary in the second degree under S.C.I. Number 74639 and attempted burglary in the second degree (three counts, one count as to each accusatory instrument) under S.C.I. Numbers 74640, 74641, and 74642, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We conclude that the sentencing court acted properly in requiring the defendant to make restitution, without a hearing. At the time of sentence the defendant expressly agreed with the Nassau County Probation Department's "Restitution Summary" report that restitution in the amount of $2,512 (which included a 5% surcharge) was appropriate to compensate the Allstate Insurance Company, which had paid a claim made by one of the homeowners from whom defendant had stolen a video cassette recorder, a camera, jewelry, and cash *(see,* Penal Law § 60.27 [1], [8]; *People v Hall-Wilson,* 69 NY2d 154, 157-158; *People v Moore,* 176 AD2d 968; *People v Kelsky,* 144 AD2d 386; *People v Turco,* 130 AD2d 785, *lv denied* 70 NY2d 755). The defendant similarly agreed to pay $500.34 (including the 5% surcharge) to the Nassau County Police Department, which had borne the loss of sick time taken by the Nassau County detective injured by the defendant during the course of his arrest. We reject the defendant's argument that our decisions in cases such as *People v Pfaudler* (164 AD2d 873) and *People v Purcell* (161 AD2d 812) foreclose the imposition of restitution. The Nassau County Police Department suffered its loss not as a result of operational law

enforcement activities but rather in its role as employer *(see, People v Hall-Wilson, supra)*. The off-duty detective clearly was a victim of an offense arising from the same criminal transaction as one of the crimes for which the defendant was convicted when he interrupted a burglary which led to one of the defendant's convictions *(see,* Penal Law § 60.27 [4]).

We note that we have undertaken this review of the restitution issue notwithstanding the defendant's failure to object at the time of the sentence because this branch of his appeal concerns "the right to be sentenced as provided by law" *(People v Fuller,* 57 NY2d 152, 156; *People v Pfaudler, supra)*.

We have examined the defendant's other contentions, including the alleged excessiveness of the prison terms imposed, and find them to be either without merit *(see, People v Kazepis,* 101 AD2d 816) or academic. Bracken, J. P., Lawrence, Ritter and Copertino, JJ., concur.