■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MERLO, Appellant. [600 NYS2d 494] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered July 31, 1990, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On November 16, 1988, the defendant and William Gabler drove to the Goshen Plaza Diner where the defendant met with an undercover officer. While Gabler remained in the vehicle, the defendant entered the undercover officer's vehicle and gave the officer nearly two ounces of cocaine in exchange for $1,500.

Based in part on this sale and in part on a continuing investigation, an eavesdropping warrant was sought and obtained. The defendant is challenging the authorization of that eavesdropping warrant as well as the denial of his motion to dismiss this indictment in the interest of justice, commonly known as a *Clayton* motion *(see, People v Clayton,* 41 AD2d 204; *see also,* CPL 210.40).

Probable cause in obtaining an eavesdropping warrant is a mixed question of law and fact *(see, People v Tambe,* 71 NY2d 492). The police officer who supplied the underlying information upon which the warrant was based gave the County Court sufficient information to support a finding of probable cause.

The defendant, by pleading guilty, forfeited his right to challenge the denial of his *Clayton* motion *(see, People v Purcell,* 161 AD2d 812). The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Eiber, Pizzuto and Joy, JJ., concur.