OPINION OF THE COURT
Jack Mackston, J.
Defendant, through his attorney, moves this court pursuant to CPL 440.20 for an order setting aside and modifying the sentence previously imposed upon him on the grounds that the sentence was unauthorized, was illegally imposed, and is invalid as a matter of law.
BACKGROUND
On February 8, 1995, the Grand Jury of Nassau County indicted the defendant for the following crimes: count 1 — offering a false instrument for filing, first degree (Penal Law § 175.35); count 2 — attempted grand larceny, third degree (Penal Law §§ 110.00, 155.35); count 3 — grand larceny, third degree (Penal Law § 155.35); and count 4 — defrauding the government (Penal Law § 195.20).
On December 10, 1996, the defendant was convicted, after a jury trial, on each count of the indictment. Postverdict, the defendant moved this court, pursuant to CPL 330.30 (1), for an order setting aside the verdict. The court granted the defendant’s motion with respect to counts 3 and 4, and denied defendant’s motion with respect to counts 1 and 2. Sentencing was scheduled for February 27, 1997 and further adjourned to March 7, 1997.
*361 Prior to sentencing, the court held a presentence conference with Assistant District Attorney Tomich and Gerald and Alan Wolin, Esqs., attorneys for the defendant (since relieved), wherein, inter alia, the issue of restitution was discussed. Specifically, the discussion focused on the costs incurred by the County of Nassau in its investigation of the defendant. According to the Probation Department’s presentence report, such investigative costs amounted to $17,572.30. During the discussion, the court informed all counsel that, should the defendant voluntarily offer to recompense the County for its investigative costs, the court would seriously evaluate and consider such a proposal in determining an appropriate sentence. Defense counsel indicated that they would inform the defendant of the court’s comments and discuss the issue of restitution with the defendant.
On March 7, 1997, as the court imposed sentence, it asked the defendant whether he voluntarily made the offer proposed by defense counsel and that he consented to it. After a short colloquy, the defendant indicated his consent to repay Nassau County for its investigative costs. The court then sentenced the defendant to a term of probation of five years with additional conditions of (1) payment of a $5,000 fine and (2) payment of $17,572.30, reimbursement to Nassau County for investigative costs, plus a 5% surcharge for a total of $18,450.92, at a rate of $350 per month beginning April 6, 1997 and continuing over the probationary period.
From the beginning, the defendant failed to make his required payments and, subsequently, a violation of probation (VOP) was filed against him. On July 17, 1997, the defendant appeared in court to answer the charge. Upon the Assistant District Attorney’s request and defense counsel’s consent, the court directed that the defendant submit to a physical examination by a doctor chosen by the District Attorney’s office prior to conducting a VOP hearing. The court adjourned the matter until July 29, 1997. Defense counsel then filed the instant motion.
ARGUMENTS
Defense counsel seeks to have this court vacate a condition of defendant’s sentence of probation wherein the court directed that the defendant reimburse Nassau County for the costs associated with its investigation of the defendant. Defense counsel asserts that the portion of the sentence directing restitution "was illegally imposed, unauthorized and invalid as *362 a matter of law in that neither the Nassau County District Attorney nor the Nassau County Police Department is a 'victim’ qualified to receive restitution for public monies received in the pursuit of solving crimes. People v. Snow (2nd Dept. 1992) 180 A.D. 2d 698, 579 N.Y.S.2d 714.” (Kleinhardt affirmation, at 3.) Defense counsel contends that, as the County cannot be deemed a "victim” for purposes of restitution, Penal Law § 60.27 ("Restitution and reparation”) is inapplicable to the case at bar. Defense counsel further argues that Penal Law § 65.10 (2) (g) cannot be a basis for the court to order restitution as a condition of probation in the instant case because the investigative costs incurred by the County are neither "fruits of [the defendant’s] offense * * * [nor] the actual out-of-pocket loss caused thereby.” Additionally, defense counsel argues that despite defendant’s consent to pay such restitution, he did not freely consent because the defendant was misled and misinformed by his trial counsel regarding, inter alia, the authorized sentencing options available to the court.
In response to defense counsel’s application and argument, the People do not contest defense counsel’s assertion that the restitution portion of defendant’s sentence was unauthorized, but maintain that "the entire sentence imposed by this Court on March 7, 1997 should be vacated and the matter should be scheduled for resentencing” (Tomich affirmation, at 5). The People, citing People v Gillette (33 AD2d 587 [3d Dept 1969]), argue that, as the restitution portion of the sentence was such an integral part of the sentence, any error in imposing such a condition would necessarily require the court to vacate the entire sentence and resentence the defendant.
ANALYSIS
It is clear by the language of the applicable statutory sections (Penal Law § 60.27 [1]; § 65.10 [2] [g]) and the case law interpreting those sections that the reimbursement ordered by the court as a condition of the sentence of probation imposed upon the defendant (i.e., repayment of costs incurred by Nassau County in its investigation of the defendant) is not "restitution” as that term has been interpreted and defined by case law. Such monies are "part of [the county’s] * * * operating costs” and cannot be categorized as restitution or reparation because the County is not a "victim”. (People v Purcell, 161 AD2d 812 [2d Dept 1990].) Thus, the court agrees with counsel that such a condition would be unauthorized and could not stand when challenged if the particular statutory sections cited *363 to by counsel were the only authority for imposing such a condition of probation. However, recently enacted legislation amending Penal Law § 65.10 grants the court greater discretion in fashioning and imposing particular and reasonable conditions to sentences of probation. The court relies on this statutory amendment for its authority to order the defendant, as a condition of probation, to reimburse Nassau County. (Penal Law § 65.10 [4], [5], added by L 1996, ch 653, § 1, eff Sept. 18, 1996.)
Subdivision (4) of Penal Law § 65.10, permitting electronic monitoring, was enacted in response to the Court of Appeals decision in People v McNair (87 NY2d 772) wherein the Court held illegal a condition of probation that required defendant McNair to wear an electronic ankle bracelet because the purpose for such a condition was to promote public safety and was not aimed at rehabilitating the defendant as required under Penal Law § 65.10 (2) (l). The Legislature noted that public policy considerations dictate that courts should "be scrupulously concerned about public safety in making sentencing decisions.” (Mem in Support, 1996 McKinney’s Session Laws of NY, at 2589; see also, Donnino, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 65, 1997 Pocket Part, at 80.) Recognizing this, the Legislature specifically overruled McNair by enacting subdivision (4). At the same time, the Legislature enacted subdivision (5) which further expanded the authority of sentencing courts to fashion and impose reasonable conditions as part of a sentence of probation. The Legislature, in its statement of support, simply noted that subdivision (5), set forth below, provides "sentencing judges with greater flexibility in imposing other conditions of probation.” (Mem in Support, 1996 McKinney’s Session Laws of NY, at 2589.)
Penal Law § 65.10 (5) ("Other conditions”) provides: "When imposing a sentence of probation the court may, in addition to any conditions imposed pursuant to subdivisions two, three and four of this section, require that the defendant comply with any other reasonable condition as the court shall determine to be necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant.” (Emphasis added.) The plain language of the statutory section provides authority for the court, as part of a sentence of probation, to impose any reasonable condition, such as reimbursement to Nassau County for "operating costs”, although such costs would not be the subject *364 of restitution or reparation under subdivision (2) (g) of Penal Law § 65.10 or Penal Law § 60.27 (1). As the statute provides, the authority granted to sentencing courts is in addition to the court’s authority to order the defendant to make restitution to the victim of the crime pursuant to Penal Law § 65.10 (2) (g). Thus, notwithstanding the People’s concerns, as set forth in their supplemental letter brief, that the rules of statutory construction preclude imposition of such a condition, the words of the statute plainly set forth the Legislature’s intent and resort to statutory construction is unnecessary and unwarranted. (See, McKinney’s Cons Laws of NY, Book 1, Statutes §76.)
After consideration of the purposes of sentencing, such as rehabilitation, public safety, punishment and deterrence, the court concluded that a sentence of incarceration was not a preferred sentencing option. The court determined that, under the circumstances present, a sentence of probation with a maximum fine and an additional condition directing the defendant to reimburse Nassau County for the costs incurred in its investigation met the established purposes of sentencing and was consistent with the ends of justice. Although Nassau County did not suffer any loss or damage as a "victim” of the defendant’s conduct that would allow for restitution pursuant to Penal Law § 65.10 (2) (g) and § 60.27, the County nevertheless incurred substantial expense and a significant depletion of its "law enforcement operating costs” budget in conducting the investigation. Public policy considerations demand that, at a minimum given the newly enacted statutory authority, where an individual’s criminal conduct results in uncommon and extraordinary cost to a municipality, such as the investigative costs incurred by Nassau County herein, a sentencing court has the authority and responsibility to recoup those monies for the taxpayer’s benefit when imposing such a condition works to prevent the incarceration of the defendant. Therefore, the court sentenced the defendant accordingly.
The court next turns to the People’s suggestion that application of Penal Law § 65.10 (5) to the case at bar would be violative of the constitutional protection (US Const, art I, § 10) against ex post facto legislation. "An ex post facto law is one which imposes punishment for an act not criminal when committed; [or] imposes additional punishment” (McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [a]). The statutory amendment in question does not authorize new or additional punishment but, as stated previously, merely provides "sentencing *365 judges with greater flexibility in imposing other conditions of probation.” (Mem in Support, 1996 McKinney’s Session Laws of NY, at 2589.) Here, the punishment authorized and imposed was a sentence of probation. The statutory section under which the court imposed additional conditions to the defendant’s sentence was enacted and made effective on September 18, 1996, a date prior to the March 7, 1997, sentencing date. Therefore, the court could rely upon the statutory section for authority to direct the defendant to repay Nassau County for its investigative costs.
Further, before imposing such a condition, the court must determine that such a condition is necessary or appropriate to serve either or both of the enunciated purposes, i.e., to ameliorate the criminal conduct or to prevent the incarceration of the defendant. The statutory provision is, in effect, ameliorative in nature in that, in place and instead of incarceration (clearly the harshest punishment authorized for this offense), a defendant may be directed to comply with reasonable conditions attendant to a sentence of probation (a reduction in the punishment imposed). "[T]he amelioration doctrine dictates that the punishment standard at the time of sentencing should guide the sentence [citation omitted].” (People v Walker, 81 NY2d 661, 666 [1993].) Again, the statu-, tory amendment was enacted and made effective prior to the date the defendant was sentenced. Accordingly, the court was authorized to utilize subdivision (5) of Penal Law § 65.10 to impose the particular condition in question as part of the defendant’s sentence of probation.
Regarding defense counsel’s claim that the defendant’s consent to pay restitution "was entered under duress, coercion and misrepresentation”, the court would simply note that imposition of such a condition satisfied the dual purposes of Penal Law § 65.10 (5) and, therefore, was an authorized condition of probation. Although at the time of sentencing the court elicited the defendant’s consent to pay restitution, his consent was not required before the court could impose the condition. Therefore, the claims presented by defense counsel in his affirmations which, notably, were unsupported by any credible evidence, need not be considered.
CONCLUSION
For all the above-stated reasons, the defendant’s motion for an order setting aside and modifying the sentence imposed upon the defendant to vacate that portion of the sentence *366 requiring the defendant to reimburse Nassau County the sum of $17,572.30 for costs incurred in its investigation of defendant is denied. However, that portion of the sentence directing the defendant to pay an additional 5% surcharge is hereby vacated.