■ The People of the State of New York, Respondent, v Scott Jackson, Appellant. [667 NYS2d 910] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered

May 10, 1995, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

Defendant's argument that the evidence was not sufficient because it was based upon uncorroborated accomplice testimony is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit. Corroboration was supplied by the testimony of one of the victims, including her narrative of defendant's suspicious statements just days before the robbery, and the testimony of another witness, who was only an accomplice in the robbery of which defendant was acquitted (*see, People v Breland*, 83 NY2d 286, 292-293; *People v Dellamore*, 182 AD2d 596, *lv denied* 80 NY2d 928).

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations.

We perceive no abuse of sentencing discretion. The record fails to support defendant's claim that the sentencing court gave impermissible consideration to the 1994 crime of which defendant was acquitted (*compare, People v Harrison*, 188 AD2d 374, 375, *affd* 82 NY2d 693, *with People v Maula*, 163 AD2d 180). Concur—Sullivan, J. P., Rubin, Mazzarelli and Andrias, JJ.