■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH J. TURCO, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered July 31, 1984, convicting her of attempted robbery in the second degree, upon her plea of guilty, and sentencing her to an indeterminate term of 1½ to 4½ years' imprisonment, imposing a mandatory surcharge of $75, and directing the payment of restitution in the amount of $4,810.97.

Ordered that the judgment is modified, on the law, by deleting the provision thereof relating to the imposition of the mandatory surcharge; as so modified, the judgment is affirmed.

The defendant pleaded guilty to attempted robbery in the second degree in full satisfaction of the indictment for her part in the robbery she and three other individuals committed of a McDonald's Restaurant, during which a sum of money was taken. On July 31, 1984, the defendant was sentenced to an indeterminate term of 1½ to 4½ years' imprisonment and was required to pay, upon her release $4,810.97 restitution to either the victim and/or its insurance company. A mandatory surcharge of $75 was also imposed.

Initially, we note that the court was required to consider whether the defendant should be required to make restitution to the victim irrespective of whether the District Attorney requested it (see, Penal Law § 60.27 [1]). The defendant did not request a hearing as to the extent of restitution (Penal Law

§ 60.27 [2]), and the court accepted the finding by the Dutchess County Probation Department in the presentence report as to the victim's monetary loss. The Probation Department had inquired of the victim and was advised that its loss was $4,810.97, of which it had been reimbursed for $4,310.97 by its insurance company. Under the circumstances of this case, the record before the court was sufficient to support a finding as to the appropriate amount of restitution (see, People v Fuller, 57 NY2d 152; People v Sommer, 105 AD2d 1052; People v Clougher, 95 AD2d 860).

Of the four individuals convicted for their part in the crime, apparently only the defendant and one other perpetrator, Wilfredo Torres, were required to make restitution. The defendant and Torres were each ordered to pay the entire $4,810.97. The defendant argues that she should only be required to pay her proportional share of the victim's loss. We disagree.

The legislative intent of the restitution statutes is to make the victim whole and serve the rehabilitative purpose of requiring the defendant to appreciate the economic consequences of his or her crime. The legislative findings as to Laws of 1983 (ch 397, § 1) are as follows: "The legislature hereby finds and declares that it is the policy of this state to encourage restitution by a person convicted of a criminal offense to the victim of his or her criminal activities in appropriate cases and to the extent that the defendant is reasonably able to do so. This act shall be interpreted and administered to effectuate this policy".

This legislative intent would be fostered by requiring each defendant to be jointly and severally responsible for the entire amount of the damage caused. Courts in other States have made similar determinations (see, People v Peterson, 62 Mich App 258, 233 NW2d 250 [joint and several liability for restitution upheld]; People v Flores, 197 Cal App 2d 611, 616, 17 Cal Rptr 382, 385 ["Prosser on Torts (2d ed, 1955) section 45, page 225, holds: 'Where two or more persons act in concert, it is well settled both in criminal and in civil cases that each will be liable for the entire result' "]; see also, State of New Jersey in Interest of D.G.W., 70 NJ 488, 361 A2d 513 [the court intimated that joint and several liability may be permissible]; but see, People v Kay, 36 Cal App 3d 759, 111 Cal Rptr 894 [where the five defendants had participated in a mob disturbance involving over 123 demonstrators and which resulted in over $40,000 in damages, the court held that the five should only be responsible for their proportionate share]).

The procedure for the collection of restitution is set forth in CPL 420.10 (1). Under that procedure, restitution is paid by the defendant directly to an official designated by the court to receive payment. That official, in turn, is responsible for remitting payment to the victim. This designated official, in this case the Probation Department, is authorized to apply to the court for an order modifying or eliminating the condition of restitution where the victim cannot be found *(see, People v Grago,* 24 Misc 2d 739). Similarly, the designated official should also be obligated to apply to the court for modification or elimination of restitution in a case involving one or more defendants, where restitution has been partially or wholly paid by another defendant. Upon such an application, the court may modify or eliminate the condition of restitution, where warranted (CPL 410.20, 420.10, 420.30).

Just as the official designated to receive payment of restitution must report to the court any failure on the part of the defendant to comply with an order of restitution, so should this designee report to the court the amount of restitution paid by any defendant in a case that could result in duplicative or inequitable apportionment of restitution payments (CPL 420.10 [4]).

In order to facilitate this procedure, it is imperative that the defendant who made restitution be given notice of (1) any other payments made by codefendants, or (2) any application to modify or eliminate the restitution portion of the sentence. In this regard, we note that CPL 420.10 (5) provides for notice to the District Attorney and the victim and "a reasonable opportunity to be heard", and CPL 420.30, which governs the remission of restitution, provides for five days' notice to the District Attorney and the victim.

By this method of restitution, the victim will not receive a windfall in that it will be compensated only to the extent of its actual loss *(see,* Penal Law § 60.27 [5] [b]). In the event of any payment to the designated official on behalf of the victims in excess of the amount of the monetary loss made by the defendant or Torres, the designated official can then petition the court to resentence the defendant or modify the sentence to permit a pro rata return of excess restitution funds *(see,* 1983 Atty Gen [Inf Opns] 5; *see also,* CPL 420.30, 420.10).

Under the circumstances of this case, the defendant should receive notice of any further proceeding affecting the restitution to be paid to the victims herein, which notice should be similar to that provided the victim pursuant to CPL 420.10 (5)

*(see also,* CPL 420.30 [2]). We therefore conclude that it was not an abuse of discretion for the sentencing court to require that this defendant pay the entire amount of the victim's loss. Further, it was permissible to make a portion of the restitution payable to the insurance company *(People v Hall-Wilson,* 69 NY2d 154).

Finally, the court erred in ordering the defendant to both make restitution and pay a mandatory surcharge, since the imposition of the surcharge was inconsistent with the requirement that the defendant make restitution (Penal Law § 60.35 [6]; *People v Neff,* 110 AD2d 721). Mangano, J. P., Bracken, Niehoff, Kooper and Spatt, JJ., concur.