■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

NIRMAL KADE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Coffinas, J.), rendered March 4, 1988, convicting her of grand larceny in the fourth degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed, and by remitting the case for resentencing in accordance herewith; as so modified, the judgment is affirmed.

The Supreme Court's denial of the defendant's motion to withdraw her plea of guilty constituted neither an abusive nor an improvident exercise of discretion. However, the sentence imposed was inappropriate for two reasons. First, as a matter of law, a hearing with respect to the proper amount of restitution is warranted (see, Penal Law § 60.27 [2]; *People v White*, 119 AD2d 708; *People v Clougher*, 95 AD2d 860) unless the defendant explicitly admits the amount of the victim's monetary loss (*People v Kelsky*, 144 AD2d 386, 387). Second, we find based on all the circumstances of this case, that "[i]nstitutional confinement [of the defendant] * * * is * * * not * * * necessary for the protection of the public" (Penal Law § 65.00 [1] [a] [i]), and that conditioning of the defendant's term of probation upon her serving four weekends in prison therefore constituted an improvident exercise of the court's discretion. Instead the court should, upon resentencing, order that the defendant's term of probation be conditioned on her performance of public service (see, Penal Law § 65.10 [2] [h]; *People v Varas*, 110 AD2d 646).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.