■ In the Matter of EDWARD J. KURIANSKY, Petitioner, v NICHOLAS COFFINAS et al., Respondents.—Proceeding pursuant to CPLR article 78 to compel the respondent Nicholas Coffinas, a Justice of the Supreme Court, to impose sentence in

accordance with a decision and order of this court dated September 18, 1989 *(see, People v Kade,* 153 AD2d 907), to reinstate the conviction of the respondent Nirmal Kade rendered pursuant to her guilty plea, and to prohibit enforcement of an order dated January 9, 1990, vacating the respondent Kade's guilty plea, recusing Justice Coffinas, and referring the case to a trial part for trial before a different Justice.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of (1) vacating so much of the order dated January 9, 1990, as vacated the guilty plea of the respondent Kade and referred the case to a trial part for trial, (2) reinstating the guilty plea, and (3) remitting the matter to the Supreme Court, Kings County, before a Justice other than Justice Coffinas for further proceedings in accordance with the decision and order dated September 18, 1989, and to the extent that it challenges Justice Coffinas's recusal, the petition is denied.

After executing a written waiver of her right to be tried upon an indictment, the respondent Dr. Kade pleaded guilty to grand larceny in the fourth degree and unauthorized practice of a profession as charged in S.C.I. number 7126/87. She later moved unsuccessfully to withdraw her guilty plea, and was sentenced to one-month intermittent imprisonment, five years' probation, and restitution in the agreed upon sum of $175,000. On appeal, this court modified the judgment by vacating the sentence imposed and remitting the case for resentencing consistent with this court's findings that (1) a hearing with respect to the amount of restitution is warranted unless the respondent Dr. Kade admits the amount of the victim's monetary loss, and (2) the term of probation should be conditioned upon the performance of public service inasmuch as institutional confinement is unnecessary for the protection of the public in this case. As so modified, the judgment was affirmed *(People v Kade, supra).* In the course of this court's decision and order dated September 18, 1989, it was noted that the Supreme Court's denial of the respondent Kade's motion to withdraw her plea of guilty constituted neither an abuse nor an improvident exercise of discretion.

Upon remittitur, Justice Coffinas expressed his view that "some jail is warranted" and thereupon vacated the respondent Kade's guilty plea, revoked the certificate of relief from civil disabilities issued on the date of sentencing, referred the case to a trial part, and recused himself from any further involvement with this case. The petitioner, in his capacity of

Deputy Attorney-General for Medicaid Fraud Control, commenced the instant proceeding.

CPL 470.15 (2) (c) provides that upon a determination that a sentence imposed upon a valid conviction is illegal or unduly harsh or severe, the appellate court "may modify the judgment by reversing it with respect to the sentence and by otherwise affirming it". Upon remittitur, the Supreme Court, Kings County, was obliged to follow the explicit directives of this court. By vacating the guilty plea notwithstanding this court's order dated September 18, 1989, the Supreme Court proceeded in excess of its jurisdiction (CPLR 7803 [2]). Accordingly, the order dated January 9, 1990, is invalid to the extent indicated. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.