■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD WILLIS, SR., Appellant.—Appeal by the defendant, as limited by his brief, from so much of a sentence of the County Court, Dutchess County (Hillery, J.), imposed February 22, 1989, upon his conviction of sodomy in the first degree and sodomy in the second degree, upon his plea of guilty, as required him to make restitution in an unspecified amount and to pay a mandatory surcharge.

Ordered that the sentence is reversed insofar as appealed

from, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Dutchess County, for a hearing and a new determination concerning the amount of restitution and the manner of payment thereof.

Although the sentencing court did not act improperly in employing the Dutchess County Probation Department as a preliminary fact finder to determine the appropriate amount of restitution (see, People v Fuller, 57 NY2d 152, 158-159), it erred in delegating to the Probation Department the responsibility of fixing the final amount of restitution, even with due consideration to be given to the defendant's ability to pay (see, Penal Law § 60.27 [2]; People v Barnes, 135 AD2d 825; People v Miller, 133 AD2d 784). The record is insufficient to make that determination. Accordingly, the matter is remitted for a hearing concerning the amount of restitution and the manner of payment thereof.

We note that the County Court erred in ordering the defendant to both make restitution and pay a mandatory surcharge, since the imposition of the surcharge was inconsistent with the requirement that the defendant make restitution (see, Penal Law § 60.35; People v Turco, 130 AD2d 785; People v Neff, 110 AD2d 721). Thompson, J. P., Brown, Balletta, Miller and O'Brien, JJ., concur.