■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAPHAEL BLACK, Appellant.—Judgment, Supreme Court, New York County (Allen Alpert, J. at *Wade* hearing, plea and sentence) rendered February 2, 1989, convicting defendant, upon his plea of guilty, of burglary in the first degree, and sentencing him, as a second violent felony offender, to an indeterminate term of 7½ to 15 years imprisonment, to run consecutively to any time owing as a result of defendant's violation of parole on a previously imposed unrelated sentence, unanimously affirmed.

Defendant's conviction arose out of a January 7, 1988 burglary of the apartment premises of Gregg Sloane and his sister Danielle Sloane, both of whom were at home at the time of the burglary and had substantial opportunity during the

thirty or forty minutes he was in the apartment to observe the burglar, who threatened them by brandishing a screwdriver.

Although the trial court properly suppressed two pre-trial identifications by Gregg Sloane as the product of unduly suggestive identification procedures, the totality of the testimony by Mr. Sloane at the *Wade* hearing regarding the length and quality of his observation of defendant at the time of the burglary amply supported the trial court's ruling of admissibility of independent source identification testimony. *(See, People v Malloy,* 55 NY2d 296 [1982], *cert denied* 459 US 847.) Additionally, the identification testimony of Danielle Sloane was properly ruled admissible. There was no evidence that any identification procedure involving Danielle Sloane was in any way suggestive, and thus she was not a necessary witness at the *Wade* hearing *(People v Peterkin,* 75 NY2d 985 [1990]). Further, any indication to the complaining witnesses by the officer who arranged the lineup in this matter that a suspect was in custody did not contaminate the lineup procedure, which was in no way unduly suggestive and where an independent source exists. *(People v Rodriguez,* 64 NY2d 738 [1984].)

We find no merit in defendant's contention that the trial court improperly denied his oral application at sentencing to withdraw his guilty plea on the combined grounds of ineffective assistance of counsel and a claim of innocence. Defendant failed to show that his counsel's conduct in any way fell below acceptable professional standards, or that he suffered any prejudice as a result of his attorney's representation. *(Strickland v Washington,* 466 US 668 [1984].) Additionally, defendant's mere claim of innocence did not require the trial court to vacate his guilty plea *(People v Dixon,* 29 NY2d 55 [1971]). The record clearly shows that defendant's guilty plea was entered into knowingly, voluntarily and intelligently *(People v Harris,* 61 NY2d 9 [1983]), and the trial court's denial of the application after affording defendant, his counsel, and the prosecutor, full opportunity to address the court, was an appropriate exercise of discretion in the circumstances *(People v Tinsley,* 35 NY2d 926 [1974]). Concur—Milonas, J. P., Ellerin, Wallach, Kassal and Smith, JJ.