■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT MELA, Appellant.—Appeal by the defendant, as limited by his motion, from so much of a sentence of the County Court, Westchester County (Silverman, J.), imposed December 18, 1989, as, after a hearing, directed him to make restitution in the amount of $3,000 and to pay a mandatory surcharge, upon his conviction of criminal possession of stolen property in the third degree, after a plea of guilty.

Ordered that the sentence is reversed insofar as appealed from, on the law and as a matter of discretion in the interest of justice, the requirement that the defendant pay a surcharge

is deleted, and the matter is remitted to the County Court, Westchester County, for a new hearing and determination concerning the amount of restitution and the manner of payment.

The defendant was afforded what purported to be a hearing on the amount of restitution to be made to the insurer of the stolen vehicle he illegally possessed *(see,* Penal Law § 60.27 [2]; *see also, People v Chery,* 126 AD2d 659). However, the colloquy between the court and counsel and a review of an insurance company bill concerning the cost of a variety of repairs which the defendant did not concede warranted restitution and for which the court did not determine responsibility did not satisfy the requirement that the court conduct a hearing and determine the amount of the loss and the manner of payment (Penal Law § 60.27 [2]; *cf.,* CPL 400.30). There is, in any event, insufficient information in the hearing record regarding the manner in which the sentencing court ascertained the amount of restitution *(see, People v Collins,* 163 AD2d 608; *People v Walker,* 140 AD2d 655; *cf., People v Kade,* 153 AD2d 907).

We reject the defendant's contention that the People are barred from again attempting to establish the amount of damage caused by the offense *(see,* Penal Law § 60.27 [2]; *cf.,* CPL 400.30 [4]; *People v Sailor,* 65 NY2d 224; *People v Havelka,* 45 NY2d 636, 641-644). A new hearing and determination as to the amount of restitution to be made to the insurer is required. The defendant may at that time raise the issue of his financial inability to make restitution *(cf.,* CPL 420.10 [4]). Moreover, we agree with the defendant that it was error for the court to direct him to both make restitution and pay a surcharge *(see,* Penal Law § 60.35), since the two directives are inconsistent with each other *(see, People v Willis,* 168 AD2d 470; *People v Turco,* 130 AD2d 785, 788). Mangano, P. J., Kunzeman, Eiber, Harwood and Rosenblatt, JJ., concur.