■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. MOORE, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered February 7, 1989, convicting him of attempted burglary in the third degree, upon his plea of guilty, and sentencing him to an indeterminate term of two to four years imprisonment, restitution and a mandatory surcharge of $100.

Ordered that the judgment is modified, on the law, by deleting the provision thereof imposing a mandatory surcharge of $100; as so modified, the judgment is affirmed, with leave to the defendant, if he be so advised, to apply to the County Court, Dutchess County, for a refund of the $100, upon proof that payment has been made.

Penal Law § 60.35 (6) prohibits a court from imposing the mandatory surcharge when restitution has been directed. Because the court directed restitution, the provision of the sentence directing the defendant to pay a mandatory surcharge must be deleted (see, People v Mela, 172 AD2d 630; People v Willis, 168 AD2d 470; People v Turco, 130 AD2d 785).

The remainder of the sentence was proper. It is well settled that where the defendant fails to comply with a condition of the guilty plea, the court is not bound by its original sentencing promise (see, People v McNeill, 164 AD2d 951; People v Erazo, 155 AD2d 477; People v Caridi, 148 AD2d 625; People v Betheny, 147 AD2d 488). The court clearly and unequivocally conditioned the promised sentence upon the defendant's appearance in court on the scheduled sentencing date. Thus, when the defendant failed to appear, the court was free to impose the maximum sentence of imprisonment.

Nor did the court err in failing to conduct a hearing before imposing restitution (see, Penal Law § 60.27 [2]). After being returned on a bench warrant and given an adjournment to consider the issue before sentencing, the defendant expressly conceded the amount of restitution due and agreed to pay it. Under these circumstances, no hearing was required (see, People v Worthington, 173 AD2d 665; People v Cowan, 168 AD2d 509; People v Kade, 153 AD2d 907; People v Kelsky, 144 AD2d 386). Mangano, P. J., Kooper, Lawrence, Rosenblatt and Copertino, JJ., concur.