■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRIN JACKSON, Appellant. [609 NYS2d 792] —Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Nassau County (Thorp, J.), rendered December 21, 1992.

Ordered that the sentence is affirmed.

Since the defendant expressly conceded that the amount of restitution imposed by the court was correct, we reject his contention that the court erred in imposing restitution without conducting a hearing *(see, People v Moore,* 176 AD2d 968; *People v Kade,* 153 AD2d 907; *People v Kelsky,* 144 AD2d 386). Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. JAWOROWSKI, Appellant. [609 NYS2d 792] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 18, 1992, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

After entering a plea of guilty, the defendant made a written *pro se* motion to withdraw his plea. The court denied his motion without a hearing. Since the defendant was afforded a "reasonable opportunity to present his contentions", and the court was able "to make an informed determination in accordance with the principles laid down in *People* v. *Nixon* (21 N Y 2d 338)", the court did not improvidently exercise its discretion in failing to conduct a hearing *(People v Tinsley,* 35 NY2d 926, 927; *People v Black,* 170 AD2d 383). Moreover, the defendant's motion was without merit *(see, People v Harris,* 61 NY2d 9; *People v Black, supra).*

The defendant also failed to make the necessary showing of good cause to warrant substitution of assigned counsel *(see, People v Sawyer,* 57 NY2d 12; *People v Medina,* 44 NY2d 199; *People v Stubbs,* 175 AD2d 187). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.