■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. HENDRICKSON, Appellant. [642 NYS2d 442] —Spain, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered March 13, 1995, convicting defendant upon his plea of guilty of the crimes of manslaughter in the first degree and attempted murder in the second degree.

On December 23, 1993, defendant, following an argument, retrieved a loaded rifle from his mother's bedroom and proceeded to shoot and kill his mother's best friend. Defendant then turned the gun on his mother, but the weapon failed to discharge. Defendant severely beat his mother with the butt of the weapon and then fled the scene. As a result of these actions, defendant was charged in a multicount indictment that included counts of murder in the second degree and attempted murder in the second degree. Ultimately, defendant pleaded guilty to manslaughter in the first degree and attempted murder in the second degree in full satisfaction of the indictment. As part of the plea agreement defendant also waived his right to appeal from his conviction and sentence; he was thereafter sentenced to two consecutive $8^{1/3}$ to 25-year terms in prison. Defendant was also ordered to pay restitution to the New York State Crime Victims Board, who had paid his mother's medical bills, in the total amount of $21,554.14. This appeal by defendant followed.

On appeal, defendant argues that his waiver of the right to appeal was not voluntarily made and also that County Court

abused its discretion or acted improperly by imposing consecutive sentences and ordering restitution. Initially, we agree with the People that defendant's waiver of his right to appeal following an extensive and thorough colloquy was knowingly, voluntarily and intelligently made (see, People v Scott, 222 AD2d 958).

Nevertheless, were we to consider the merits, we would find that defendant's sentence was neither harsh nor excessive and the order of restitution was appropriate. With respect to the propriety of defendant's term of imprisonment, which he was informed could involve consecutive sentences, we note that while the circumstances of defendant's troubled life might well help with understanding the reasons for defendant's conduct, they nevertheless do not constitute an excuse for his conduct. As for the restitution amount, this issue was explored at length prior to sentencing by way of memoranda from counsel and a conference. A restitution hearing was conducted by County Court prior to sentencing and at that time the records of the Crime Victims Board establishing the dollar amount of its claims was before the court and issues concerning defendant's ability to pay and the method of payment were explored (cf., People v Frisco, 221 AD2d 779, 780). Under the circumstances, defendant's claim that the agreed-upon restitution amount was improper or unfair is not persuasive (see, People v Masten, 215 AD2d 892, lv denied 86 NY2d 782).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.