■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD R. FRISCO, Appellant. [655 NYS2d 200] —Spain, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered December 11, 1995, convicting defendant upon his plea of guilty of the crime of offering a false instrument for filing in the first degree.

Upon remittal from this Court, County Court conducted a hearing to determine the proper amount of restitution defendant should be required to make as well as the manner of payment (see, 221 AD2d 779). At the hearing, testimony was taken from a representative of the St. Lawrence County Department of Social Services as to the excess amounts received by defendant in public assistance and food stamps; the total amount calculated as being owed was $6,132. Defendant also testified as to his monthly expenses. County Court determined that defendant owed the sum of $6,132 and ordered him to pay it at the rate of $75 per month, with credit for what he had already paid.

On appeal, relying on People v Turco (130 AD2d 785, lv denied 70 NY2d 755) and similar cases, defendant contends that County Court erred in not considering any efforts by the Department of Social Services to collect moneys from his

girlfriend and that any sums collected from her should have been subtracted from his restitution. Significantly, however, defendant's girlfriend was not a codefendant. In *People v Turco* (*supra*) the Court held that an official designated to receive restitution payments from codefendants in a criminal case is required to report amounts paid by other defendants so as to avoid "duplicative or inequitable apportionment of restitution payments" among codefendants (*see, id.*, at 787). Here, County Court properly refused to consider evidence with respect to any obligations of the girlfriend or payments by her because she was not before the court and, unlike a codefendant, was not legally responsible for paying restitution. As for the amount of restitution ordered, the issue was explored at length at the hearing, as was the question of defendant's ability to pay. On the record before us, it cannot be said that the amount or the method of payment was improper or unfair (*see, People v Hendrickson*, 227 AD2d 801).

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.