■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RUBIN, Appellant. [706 NYS2d 225] —Crew III, J. Appeal from a judgment of the Supreme Court (Czajka, J.), rendered May 14, 1999 in Albany County, upon a verdict convicting defendant of the crimes of grand larceny in the second degree and offering a false instrument for filing in the first degree (eight counts).

Defendant, the president of a licensed home care agency that provides personal care services to eligible Medicaid recipients, was indicted and charged with one count of grand larceny in the second degree and 10 counts of offering a false instrument for filing in the first degree stemming from the submission of allegedly false claims to Medicaid. The basis for counts one through seven was that defendant allegedly had sought reimbursement for personal care services rendered at a higher rate than charged to the general public in violation of 18 NYCRR 505.14 (h) (7) (ii) (a) (1) (i). Following a jury trial, defendant was found guilty of the crimes charged in counts one through nine of the indictment and thereafter sentenced to an aggregate indeterminate term of 4⅔ to 14 years in prison and a fine of $50,000.* Additionally, defendant was ordered to pay restitution in the amount of $620,237.80. Defendant now appeals.

Defendant argues that his convictions of the crimes charged in counts one through seven of the indictment must be reversed inasmuch as the regulation serving as the basis for the alleged fraud is unconstitutionally vague. We agree (see, Ulster Home Care v Vacco, 268 AD2d 59 [decided herewith]). Defendant was charged with fraudulently certifying his compliance with 18 NYCRR 505.14 (h) (7) (ii) (a) (1) (i). Inasmuch as we have held that regulation to be unconstitutional, there is nothing with which defendant need be in compliance and he therefore cannot be guilty of false certification in that regard.

With regard to counts eight and nine, defendant concedes that they are unrelated to the constitutionally infirmed regulation but asserts that there must be a reversal of each count because the evidence was legally insufficient and the verdict was against the weight of the evidence. We disagree. Based upon the record evidence, there clearly are valid lines of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury here (see, People v Bleakley, 69 NY2d 490, 495). Likewise, viewing the record evidence in a neutral light and according deference to the jury's

---

* Counts 10 and 11 were dismissed prior to trial on motion of the People.

assessment of the witnesses, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see, id.,* at 495). Defendant's remaining contentions are either academic in light of our decision regarding counts one through seven or are without merit.

Cardona, P. J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of one count of grand larceny in the second degree and six counts of offering a false instrument for filing in the first degree; counts one through seven of the indictment are dismissed and the order of restitution is vacated; and, as so modified, affirmed.