OPINION OF THE COURT
 

 Smith, J.
 

 The People appeal from an order of the Appellate Division that reversed defendant’s conviction for grand larceny in the second degree (Penal Law § 155.40) and six counts of offering a false instrument for filing in the first degree (Penal Law § 175.35). Defendant cross-appeals from the same order to the extent that it affirmed his conviction of two counts of offering a false instrument for filing.
 

 Defendant, the principal owner and operator of Allstate Home Care, Inc., a Dutchess County home care services agency, was charged with defrauding the State of New York of approximately $620,000 by billing Medicaid for sums between $13.35 and $15.02 per hour for personal care services when he knew a Department of Social Services regulation limited him to the same hourly rate charged to the general public (the “public charge” provision). Defendant was convicted of second degree grand larceny for stealing in excess of $50,000 (count one). He was also convicted of eight counts of offering a false statement for filing: six counts (two through seven) were for filing specific bills which falsely stated that they were consistent with applicable regulations, one (count eight) was for certifying falsely that his cost to the general public during 1994 was $15.25, and one (count nine) was for certifying in a 1995 cost report that the salaries of two employees of another business he owned were attributable to health care services.
 

 The primary issue before us is whether the public charge provision of the Medicaid reimbursement regulation (18 NYCRR 505.14 [h] [7] [ii] [a] [1]) is unconstitutionally vague as applied to him. The first seven counts of defendant’s conviction were all grounded on violation of this provision of the regulation, which reads:
 

 “(1) Medical assistance payments to personal care services providers for any rate year beginning on or after January 1, 1994, are made at the lower of the following rates:
 

 “(i) the rate the provider charges the general public for personal care services; or
 
 *551
 
 “(ii) the rate determined by the department in accordance with [a cost-based methodology].”
 

 The Appellate Division reversed the convictions of the first seven counts and affirmed the convictions of counts eight and nine. A Judge of this Court granted leave to appeal to the People and to the defendant.
 

 Before this Court, the People argue that defendant was properly found guilty of grand larceny and of offering a false instrument for filing by significantly overcharging Medicaid and knowingly misrepresenting that his Medicaid billings were compliant with the public charge regulation. The People further contend that the Appellate Division properly affirmed the convictions on counts eight and nine. Defendant maintains that the regulation is unconstitutionally vague and that the convictions on counts one through seven were properly reversed. He also contends that the evidence was legally insufficient to convict him of counts eight and nine.
 

 Relying on its rationale in the companion case,
 
 Ulster Home Care v Vacco
 
 (268 AD2d 59), which struck down the regulation as unconstitutional on its face, the Appellate Division concluded that “there is nothing with which defendant need be in compliance and he therefore cannot be guilty of false certification in that regard” (271 AD2d 759). We reversed the Appellate Division in
 
 Ulster,
 
 concluding that the regulation was facially valid (see,
 
 Ulster Home Care v Vacco,
 
 96 NY2d 505 [decided today]).
 

 When a person’s conduct falls within the proscriptions of a regulation, “a vagueness challenge must be addressed to the facts before the court”
 
 (People v Nelson,
 
 69 NY2d 302, 308). As applied to defendant, it is clear that the public charge regulation is not vague.
 

 There was evidence at trial that defendant understood the public charge regulation and yet created schemes to conceal his violation of it. Defendant, for example, promulgated two separate price schedules, one that was accurate and the other, kept hidden, that was designed and used to defraud Medicaid. Moreover, in 1995 and 1996, defendant instructed his staff to tell everyone other than Medicaid officials that the public rate for personal care services was approximately $12 per hour but to inform Medicaid officials that the rate was $15.25.
 

 The People also adduced at trial that defendant had received letters from the Department of Social Services explaining that the public charge regulation restricted Medicaid payment for personal care services to the rate charged the general public.
 
 *552
 
 Defendant understood the regulation to mean that the private-pay rate had to be higher than that paid by Medicaid, and that he had developed a fictitious private-pay rate schedule of $15.25 per hour which no member of the general public was asked to pay. Despite these and other infractions each year from 1995 through 1997, defendant attested that he understood the regulations and that his health care facility complied with applicable State regulations. The public charge provision is, thus, not impermissibly vague as applied to defendant.
 

 As the trial court noted, the People used the public charge regulation to prove the “manner” in which defendant committed larceny and defrauded the government. Defendant was not convicted solely of a violation of the regulation. Defendant had adequate notice of and understood the regulation and had the intent to contravene it. These were all triable issues which the jury resolved against defendant and served as the basis for his fraud and larceny convictions.
 

 The evidence of defendant’s guilt of counts eight and nine was legally sufficient.
 

 Accordingly, the order of the Appellate Division should be modified by reinstating the conviction of defendant on counts one through seven of the indictment and remitting the case to the Appellate Division, for consideration of the facts and issues raised but not determined on the appeal to that court, and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Ciparick, Wesley and Altman
 
 *
 
 concur; Judges Levine, Rosenblatt and Graffeo taking no part.
 

 Order modified, etc.
 

 *
 

 Designated pursuant to NY Constitution, article VI, § 2.