OPINION OF THE COURT
 

 Smith, J.
 

 Effective January 1, 1994, the New York State Department of Social Services (DSS) amended the Medicaid regulation setting reimbursement rates for providers of personal care services. The amended regulation states:
 

 “(1) Medical assistance payments to personal care services providers for any rate year beginning on or after January 1, 1994, are made at the lower of the * following rates:
 

 “(i)
 
 the rate the provider charges the general public for personal care services;
 
 or
 

 “(ii) the rate determined by the department in accordance with [a cost-based methodology]” (18 NYCRR 505.14 [h] [7] [ii] [a] [1] [emphasis added]).
 

 The primary issue here is whether “the rate the provider charges the general public for personal care services” is unconstitutionally vague. We conclude that it is not.
 

 This case arose in 1997 during a State-wide audit and investigation by the Attorney General’s Medicaid Fraud Control Unit (MFCU) of home health care agencies providing personal care services to Medicaid recipients. MFCU concluded that plaintiff Ulster Home Care had overcharged Medicaid for personal care services by approximately $600,000. MFCU concluded that instead of billing Medicaid at the DSS-determined rate (subd [a] [1] [ii] of the regulation), Ulster
 
 *509
 
 should have billed Medicaid at the rate it charged the general public for personal care services (subd [a] [1] [i]), which was the lower of the two rates. MFCU also concluded that Ulster had attempted to conceal the overcharges by overstating the amounts it charged its private-pay patients.
 

 The Attorney General sought to bring criminal fraud and larceny charges before a Grand Jury. In May 1998, plaintiffs
 
 [1]
 
 commenced this civil action for declaratory and injunctive relief alleging its contract with Ulster County precluded the Attorney General from replacing the reimbursement rate contained in its contract with a “public charge” rate. The action also sought to enjoin the Attorney General from enforcing the regulation, from demanding the payment of any sums based upon it and from imposing any criminal or civil liability upon the plaintiffs based upon said regulation.
 
 [2]
 

 Supreme Court denied plaintiffs’ motion for summary judgment in its entirety. The Appellate Division reversed, determining that the regulation was facially invalid because the terms “general public” and “rate” were not defined and no standards for their application were established (268 AD2d 59, 66). Following an award of attorneys’ fees at Supreme Court, the Attorney General appealed to this Court from the judgment of Supreme Court pursuant to CPLR 5601 (d). We now reverse.
 

 Before this Court, the Attorney General contends that the Appellate Division erred by permitting a facial challenge rather than requiring plaintiffs to demonstrate that they could not understand the regulation and by granting summary judgment on the limited record before it.
 

 A statute, or a regulation, is “unconstitutionally vague if it fails to provide a person of ordinary intelligence with a reasonable opportunity to know what is prohibited, and it is written in a manner that permits or encourages arbitrary or discriminatory enforcement”
 
 (People v Foley,
 
 94 NY2d 668, 681;
 
 see also, People v Nelson,
 
 69 NY2d 302, 307).
 

 
 *510
 
 Neither the term “general public” nor “rate” as used in the regulation is so vague that it could not be understood by a person of ordinary intelligence or could be arbitrarily enforced. The challenged language has a common understanding and is used in other State Medicaid and Medicare regulations
 
 (see, e.g.,
 
 8 NYCRR 247.15 [c] [4]; 10 NYCRR 86-1.21 [d]; 18 NYCRR 415.6 [e] [2];
 
 see also,
 
 38 CFR 17.55 [h] [Federal regulation of medical use of hospitals by veterans]; 42 CFR 413.9 [a] [Federal regulation of cost reimbursement to providers in the Medicare program]). The limited application of this regulation to home personal care providers who elect to enroll in the Medicaid program and who expressly agree to adhere to its rules, coupled with the ample opportunity these providers had to understand the requirements of the Medicaid program, are further reasons to reject the argument that the public charge provision is impermissibly vague. Plaintiffs should have been required to show that the regulation was unconstitutional as applied to them. When a person’s conduct falls within the proscriptions of a regulation, “a vagueness challenge must be addressed to the facts before the court”
 
 (Nelson, supra,
 
 69 NY2d, at 308;
 
 see also, People v Rubin,
 
 96 NY2d 548 [decided today]).
 

 Moreover, plaintiffs were not subject to prosecution because they allegedly violated the public charge regulation. Rather, the intended charges were grand larceny and offering false instruments for filing. The alleged violation of the regulation was only an element of proof of these crimes and violation of the regulation alone, without a knowing attempt to deceive or defraud, could not support criminal liability
 
 (see, United States v Larm,
 
 824 F2d 780 [9th Cir] [once a trier of fact determines that a person understood a regulation when it was allegedly violated, a subsequent challenge to the regulation for ambiguity is irrelevant so long as the person is actually convicted of violating a statute that provides adequate notice of the conduct proscribed]). On this separate basis, it was error to enjoin plaintiffs’ criminal prosecutions
 
 (see also, Bryson v United States,
 
 396 US 64, 68 [in a proceeding to vacate defendant’s conviction based on a statute that was repealed following his conviction, the Court stated that “a claim of unconstitutionality will not be heard to excuse a voluntary, deliberate and calculated course of fraud and deceit. One who elects such a course as a means of self-help may not escape the consequences by urging that his conduct be excused because the statute which he sought to evade is unconstitutional”]).
 

 Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be re
 
 *511
 
 versed, with costs, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Ciparick, Wesley and Altman
 
 [3]
 
 concur; Judges Levine, Rosenblatt and Graffeo taking no part.
 

 Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.
 

 [1]
 

 . Plaintiffs James Mahoney and Diane Wiegand, executives at Ulster Home Care who also would have been implicated for overcharging Medicaid, were permitted to intervene in the action.
 

 [2]
 

 . On June 9, 1998, plaintiff Ulster was granted a preliminary injunction restraining the Attorney General from prosecuting it during the pendency of the action. By order entered on July 15, 1998, the Attorney General was found in civil contempt of the June 9 order in that he had proceeded to seek an indictment against Ulster. The Appellate Division affirmed the grant of the preliminary injunction and the finding of contempt (255 AD2d 73). This prior order does not necessarily affect the judgment here and thus is not brought up for review.
 

 [3]
 

 . Designated pursuant to NY Constitution, article VI, § 2.