■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVA HORNE, Appellant. [728 NYS2d 614] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting her of three counts of offering a false instrument for filing in the first degree (Penal Law § 175.35). Defendant was sentenced to a term of probation of five years and ordered to make restitution to the Monroe County Department of Social Services (DSS) in the amount of $19,503.80, including a 5% surcharge.

The jury verdict was announced at the end of the day in defendant's presence, read back by the court clerk and acknowledged by the jury. Before the jury was discharged, however, defendant moved to set aside the verdict as repugnant. Supreme Court reserved decision and sent the jurors home with instructions to return the next morning because they might be asked to resume deliberations. The next morning, outside the presence of defendant, the court accepted the verdict without comment and set the date for sentencing. Defendant contends that the court erred in accepting the verdict outside of her presence without ascertaining on the record whether her absence was deliberate (see, People v Brooks, 75

NY2d 898, 899, *mot to amend remittitur granted* 76 NY2d 746). The rendering and recording of a verdict is a material stage of trial at which defendant is entitled to be present (*see,* CPL 310.40 [1]). The verdict in a jury trial is defined as "the announcement by a jury * * * of its decision upon the defendant's guilt or innocence of the charges submitted to * * * it" (CPL 1.20 [12]). CPL 310.80 provides that the verdict must be recorded in the trial minutes and read to the jury, "and the jurors must be collectively asked whether such is their verdict." All those steps were taken here in defendant's presence, and we conclude that the proceeding the following morning, at which the court essentially denied defendant's motion to set aside the verdict, was an ancillary proceeding at which a question of law was determined. Thus, defendant's presence was not required (*see, People v Rodriguez,* 85 NY2d 586, 590-591).

We further reject defendant's contention that the court's imposition of restitution resulted in an increase of the penalty beyond the prescribed statutory maximum, in violation of the Supreme Court's decision in *Apprendi v New Jersey* (530 US 466). In addition, we reject defendant's contention that the court imposed restitution based upon crimes of which defendant was acquitted; the crimes of which defendant was convicted provide a proper predicate for an award of restitution (*see, Matter of Margini v DeBuono,* 255 AD2d 639; *People v Frisco,* 237 AD2d 824, *lv denied* 90 NY2d 1011; *cf., People v Rubin,* 271 AD2d 759, 760, *mod on other grounds* 96 NY2d 548).

The court did not err in failing to conduct a restitution hearing. Defendant did not request such a hearing, and the trial testimony provides a sufficient basis to determine the appropriate amount of restitution (*see, People v Consalvo,* 89 NY2d 140, 144; *cf., People v Dixon,* 134 AD2d 877). We conclude, however, that the record does not support the amount of restitution ordered. A DSS witness testified at trial that DSS had wrongfully expended $14,621.25 in public assistance and cash grants and $2,321 in food stamps. Thus, the record supports restitution in the amount of $16,942.25 plus a 5% surcharge, for a total amount of $17,789.36, and the judgment is modified accordingly. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Offering False Instrument Filing, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Burns, JJ.