(August 30, 2001)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RUBIN, Appellant. [729 NYS2d 561] —Crew III, J. Appeal from a judgment of the Supreme Court (Czajka, J.), rendered May 14, 1999 in Albany County, upon a verdict convicting defendant of the crimes of grand larceny in the second degree and offering a false instrument for filing in the first degree (eight counts).

When this matter was last before us, we held that counts one through seven of the indictment must be dismissed

inasmuch as the Medicaid regulation serving as the basis for the fraud alleged in those counts was unconstitutionally vague (271 AD2d 759). Upon appeal, the Court of Appeals modified our order by reinstating counts one through seven of the indictment and remitted the matter to this Court for consideration of the facts and issues raised but not determined on the prior appeal (96 NY2d 548).

Initially, we disagree with defendant's contention that all issues raised on the prior appeal, except those as to counts eight and nine, must now be addressed by this Court. As noted in our prior decision, defendant's remaining contentions were determined to be either academic or without merit. What was not academic was the issue of the legal sufficiency of the evidence regarding the dismissed counts and defendant's claim that counts one, two and three must be reversed because the certificates underlying those counts of the indictment did not contain the specific language: "I have reviewed these claims: I (or the entity) have furnished or caused to be furnished the care, services and supplies itemized and done so in accordance with applicable federal and state laws and regulations." With regard to the latter contention, suffice it to note that this issue is not preserved for appellate review inasmuch as it was not raised at the time of trial (*see, People v Gray*, 86 NY2d 10, 20-21). Moreover, the cited language was not an essential predicate to defendant's conviction of either grand larceny in the second degree or offering a false instrument for filing in the first degree. If the jury concluded, as it undoubtedly did, that defendant submitted claims that were fraudulently inflated, the jury was justified in concluding that he obtained property "by fraudulently inducing the owner to part with both possession and title through the use of false statements" (*People v Norman*, 85 NY2d 609, 618) and that he offered the instrument knowing that it contained false information with intent to defraud (*see*, Penal Law § 175.35).

The record reflects that there is a regulation providing that it is improper to bill Medicaid at a higher rate than that charged to the general public (*see*, 18 NYCRR 505.14 [h] [7] [ii] [a] [1] [i]). Various witnesses testified that defendant was aware of that regulation and that he nevertheless submitted certifications requesting reimbursement for personal care services rendered at a higher rate than that charged to the general public. When submitting those certifications, defendant implicitly was certifying that the rates charged to the general public were the same or greater than the rate sought in the certifications for reimbursement when they were not. Thus,

there existed legally sufficient evidence to support larceny by false pretense and offering a false instrument for filing. Finally, we find unpersuasive defendant's contention that the sentence was unduly harsh and excessive or that the amount of restitution was based upon an impermissible or improper extrapolation.

Cardona, P. J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.