(June 10, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINETTE R. SARTORI, Appellant. [777 NYS2d 792]—Mugglin, J. Appeal from a judgment of the County Court of Columbia

County (Czajka, J.), rendered August 18, 1999, convicting defendant upon her plea of guilty of the crime of grand larceny in the third degree.

Defendant pleaded guilty to the crime of grand larceny in the third degree as charged in a superior court information and was thereafter sentenced to a six-month jail term and five years' probation. Following a hearing, County Court further ordered defendant to pay $97,500 in restitution and a 5% surcharge. Defendant appeals from the judgment of conviction, contending that the restitution order was not supported by the evidence considered at the hearing.

Our examination of the plea minutes reveals that defendant's guilty plea, which included a waiver of her right to appeal and a general agreement to pay restitution, was entirely knowing, intelligent and voluntary (*see People v Barrett*, 301 AD2d 790, 790-791 [2003]; *People v Hendrickson*, 227 AD2d 801, 801-802 [1996]). Inasmuch as restitution was an essential element of defendant's sentence and no specific amount had been agreed upon during the plea allocution, defendant did not waive her right to challenge the restitution order as a result of the plea (*see People v White*, 266 AD2d 831, 832 [1999]). However, we conclude that defendant did subsequently waive this right by failing to object at sentencing, when the specific amount of restitution was known to her after a full hearing on the matter (*see People v Sweeney*, 4 AD3d 769, 770 [2004]).

Were defendant's claim properly before us, we would nonetheless conclude that the restitution hearing conducted by County Court was in full compliance with all statutorily required procedures (*see* Penal Law § 60.27; CPL 400.30; *People v Consalvo*, 89 NY2d 140, 144-145 [1996]). Likewise, we are of the view that the evidence adduced at the hearing, which included the sworn testimony of defendant, the complainant and a police investigator who either recovered or was able to directly trace many of the stolen funds to defendant, provided a sufficient basis for the court's restitution order (*see People v Kim*, 91 NY2d 407, 411 [1998]; *People v Hendrickson, supra* at 802). Contrary to defendant's assertion, it appears that this order was subsequently reduced to take into account the funds that were recovered. Finding no basis for questioning the amount of restitution or the method by which it was derived, we affirm the judgment of conviction (*see People v Frisco*, 237 AD2d 824, 825 [1997], *lv denied* 90 NY2d 1011 [1997]). Defendant's remaining arguments have been considered and found unpersuasive.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.