■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE E. SWART, Appellant. [797 NYS2d 780]—

Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered January 12, 2004, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.

Defendant waived indictment and consented to be prosecuted by a superior court information charging him with grand larceny in the third degree, two counts of unauthorized use of a motor vehicle in the second degree and criminal mischief in the fourth degree. He pleaded guilty to grand larceny in the third degree in full satisfaction of the charges and waived his right to appeal. Under the terms of the plea agreement, defendant was to be sentenced as a second felony offender to 3 to 6 years in prison and was to pay restitution in an unspecified amount. County Court sentenced defendant as agreed and directed him to pay restitution in the amount of $6,405 within six years. The restitution order additionally required defendant to pay a 5% restitution surcharge of $320.25, bringing the total amount of restitution to $6,725.25. Defendant now appeals.

---

Defendant seeks vacatur of his plea as involuntary on the sole ground that he was not advised of the restitution surcharge prior to entering it. Initially, we note that "[i]nasmuch as restitution was an essential element of defendant's sentence and no specific amount had been agreed upon during the plea allocution, defendant did not waive [his] right to challenge the restitution order as a result of the plea" (*People v Sartori*, 8 AD3d 748, 749 [2004]). Nevertheless, because the only relief he seeks is to have his guilty plea vacated as involuntary, his failure to make a motion to withdraw the plea or vacate the judgment of conviction renders this issue unpreserved for our review (*see People v Perry*, 4 AD3d 618, 619 [2004], *lv denied* 2 NY3d 804 [2004]; *People v Harrington*, 3 AD3d 737, 738 [2004]). In any event, were we to reach defendant's argument regarding the surcharge, we would find it without merit. As this Court has previously held, "given the mandatory nature of the surcharge, a defendant need not be advised, prior to the entry of his or her plea, that it is part of the sentence" (*People v Neu*, 1 AD3d 798, 798 [2003]; *see People v Prihett*, 279 AD2d 335 [2001]).

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.