■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY T. MILAZO, Appellant. [822 NYS2d 332]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 20, 2005, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with burglary in the third degree. Pursuant to a negotiated plea agreement, defendant pleaded guilty as charged with the understanding that he would be sentenced, as a second felony offender, to a prison term of 3 to 6 years and that a restitution order would be filed. Thereafter, counsel informed County Court that defendant wished to vacate his plea and requested that the court appoint new counsel because, based upon certain conversations with defendant, he did not believe he could go forward with the motion to vacate "in good faith." Counsel did not elaborate further. County Court declined to appoint another attorney and directed defense counsel to file the motion, with the caveat that, if necessary, the court would revisit the issue thereafter. Notably, counsel did not renew his request to be relieved at the

subsequent hearing on the motion, and the court, apparently satisfied with both the adequacy of the papers submitted by counsel and the voluntariness of defendant's guilty plea, denied the motion without further reference to the matter. Defendant was then sentenced in accordance with the plea agreement, and restitution in the amount of $700 was ordered, prompting this appeal.

Initially, we are unpersuaded by defendant's claim that he was denied the effective assistance of counsel with respect to his motion to vacate his guilty plea. Although defense counsel asserted the attorney-client privilege and sought to be relieved as counsel in connection with the motion to withdraw the plea based upon his conversations with defendant, counsel did not take an adverse position to defendant and, in fact, made the withdrawal motion setting forth appropriate information consistent with defendant's affidavit. Under these circumstances, we discern no adversity of interest necessitating the appointment of new counsel (*see People v Wilder*, 246 AD2d 750, 751 [1998], *lv denied* 91 NY2d 1014 [1998]; *People v Johnson*, 91 AD2d 782, 783-784 [1982]).

Turning next to defendant's challenge to the restitution order, we note that " '[i]nasmuch as restitution was an essential element of defendant's sentence and no specific amount had been agreed upon during the plea allocution, defendant did not waive [his] right to challenge the restitution order as a result of the plea' " (*People v Swart*, 20 AD3d 691, 692 [2005], quoting *People v Sartori*, 8 AD3d 748, 749 [2004]). Nevertheless, defendant waived his challenge to the amount of the restitution order by failing to request a hearing or dispute that amount during sentencing, when the specific amount was known to him (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Sweeney*, 4 AD3d 769, 770 [2004], *lv denied* 2 NY3d 807 [2004]). Moreover, defendant's argument that County Court did not consider his ability to pay is not preserved for our review because defendant failed to raise that issue during sentencing (*see People v Williams*, 28 AD3d 1005, 1011 [2006]). In any event, it is clear from a reading of the restitution order that County Court did consider defendant's ability to pay by postponing any scheduled payments until defendant is released from prison (*see People v Chiera*, 255 AD2d 685, 685 [1998]).

Finally, the record reveals that the People provided defendant with an appropriate predicate felony statement. County Court referred to such document during sentencing and informed defendant, who was represented by counsel, about the prior felony conviction. Inasmuch as defendant then unequivocally admitted

to the conviction, his contention that County Court improperly sentenced him as a second felony offender is not properly before us (*see People v Smith*, 73 NY2d 961, 962-963 [1989]; *People v Ochs*, 16 AD3d 971, 971 [2005]).

Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.