# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

355

KA 12-01952

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MICHAEL J. HILTON, ALSO KNOWN AS MICHAEL HILTON,
ALSO KNOWN AS MICHAEL JAMES HILTON,
DEFENDANT-APPELLANT.

---

KELIANN M. ARGY ELNISKI, ORCHARD PARK, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered May 9, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that his plea was not knowing, intelligent and voluntary because the People's offer required defendant to stipulate to an unspecified restitution amount, was coupled with the threat of additional charges, and required him to respond immediately to it during the plea proceeding. Although that contention survives defendant's valid waiver of the right to appeal, defendant failed to preserve it for our review by failing to move to withdraw the plea or to vacate the judgment of conviction (*see People v Davis*, 99 AD3d 1228, 1229, *lv denied* 20 NY3d 1010; *People v Small*, 82 AD3d 1451, 1452, *lv denied* 17 NY3d 801; *People v Swart*, 20 AD3d 691, 692). In any event, defendant's contention is without merit inasmuch as the record establishes that the plea was knowingly, intelligently and voluntarily entered (*see People v Wolf*, 88 AD3d 1266, 1267, *lv denied* 18 NY3d 863; *People v Sartori*, 8 AD3d 748, 749; *see also People v Mullen*, 77 AD3d 686, 686). The valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 255-256; *see generally People v Hidalgo*, 91 NY2d 733, 737).

Entered: March 28, 2014                          Frances E. Cafarell
                                                 Clerk of the Court