People v Liberatore (2022 NY Slip Op 03666)

People v Liberatore

2022 NY Slip Op 03666

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, LINDLEY, AND BANNISTER, JJ.

552 KA 20-01649

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYLER A. LIBERATORE, DEFENDANT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
MARK S. SINKIEWICZ, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT. 

 Appeal from a judgment of the Seneca County Court (Barry L. Porsch, J.), rendered December 4, 2020. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that his plea was involuntarily entered because the prosecutor threatened to present the case to the grand jury the next day if he did not accept the plea offer and because County Court implicitly threatened to impose a more severe sentence if defendant was convicted after trial. Defendant failed to preserve his contention for our review inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction (see People v Thigpen-Williams, 198 AD3d 1366, 1367 [4th Dept 2021]; People v Hilton, 115 AD3d 1358, 1359 [4th Dept 2014]). In any event, we see no basis in the record for concluding that defendant's plea was involuntarily entered. The case had been pending in local court for months before defendant pleaded guilty, and the court merely advised defendant of his maximum exposure if convicted of the most serious offense for which he was charged (see People v Gast, 114 AD3d 1270, 1270-1271 [4th Dept 2014], lv denied 22 NY3d 1198 [2014]; People v Boyde, 71 AD3d 1442, 1443 [4th Dept 2010], lv denied 15 NY3d 747 [2010]; People v Berezansky, 229 AD2d 768, 769-770 [3d Dept 1996], lv denied 89 NY2d 919 [1996]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court