People v Albelo
2026 NY Slip Op 50703(U)
April 30, 2026
Appellate Term, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Sentence--Reparation--Cost of Victim Therapy Sessions

The People of the State of New York, Respondent,
v
Valerie Albelo, Appellant.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts
Decided on April 30, 2026
2024-358 D CR
Present: : Gretchen Walsh, J.P., Joseph R. Conway, Maria S. Vazquez-Doles, JJ

Dutchess County Public Defender (Jennifer Burton of counsel), for appellant.

Dutchess County District Attorney (Anna K. Diehn of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of LaGrange, Dutchess County (Stephen P. O'Hare, J.), rendered March 13, 2024. The judgment, insofar as appealed from as limited by the brief, upon defendant's conviction upon her plea of guilty of endangering the welfare of a child, sentenced defendant to a $500 fine and three years' probation, a condition of which was defendant having to make reparation, which, following a hearing on March 13, 2024, was determined to be in the amount of $3,207.75. The appeal brings up for review the imposition of a $205 mandatory surcharge.
[*1]
ORDERED that the judgment, insofar as appealed from, is modified, as a matter of discretion in the interest of justice, by vacating the $500 fine, and, as a matter of law, by reducing the amount of reparation to the total sum of $2,073.75 and by vacating the mandatory surcharge; as so modified, the judgment, insofar as appealed from, is affirmed.
Defendant was charged with criminal trespass in the third degree (Penal Law § 140.10 [b]) and two counts of endangering the welfare of a child (Penal Law § 260.10 [1]) pertaining to a fight that occurred on January 17, 2023 at a high school between defendant's daughter and another high school student. On January 2, 2024, after a preplea investigation report from the Department of [*2]Probation had been submitted to the court, defendant pleaded guilty to one count of endangering the welfare of a child (Penal Law § 260.10 [1]) in satisfaction of the accusatory instrument and was sentenced (Stephen P. O'Hare, J.) to a $500 fine and to three years' probation, a condition of which was to pay reparation, in an amount to be determined at a future hearing, to the mother of the other high school student for payments she made for her daughter's therapy sessions following the fight. Additionally, a $205 mandatory surcharge was imposed.
At the reparation hearing, conducted on March 13, 2024, the mother of the other high school student testified that, as a result of the fight, which was a very traumatic experience, her daughter had to get weekly counseling, for which she paid out-of-pocket a total of $3,055. A letter from her daughter's therapist was entered into evidence, in which the therapist stated that he thought that it was "more than appropriate" for the daughter to seek counseling after the fight. The therapist's billing statement, which listed the payments made, was also entered into evidence. The Justice Court (Stephen P. O'Hare, J.) found this testimony to be credible and ordered that reparation be made in the sum of $3,207.75, which included the statutory probation five percent collection surcharge due when reparation is imposed (see Penal Law § 60.27 [8]). Defendant appeals from the sentence imposed.
Reparation is a statutory remedy that uniquely focuses on making the crime victim whole again (see People v Tzitzikalakis, 8 NY3d 217, 220 [2007]; People v Consalvo, 89 NY2d 140 [1996]). Penal Law § 65.10 (2) (g) authorizes the trial court to impose reparation as a condition of probation. A hearing to determine the amount of reparation must be held upon request by the defendant (see generally Penal Law § 60.27 [2]), as was the case herein. At such a hearing, the procedure outlined in CPL 400.30 must be followed (see Penal Law § 60.27 [2]) and the People bear the burden of proof by a preponderance of the evidence (see CPL 400.30 [4]; Tzitzikalakis, 8 NY3d at 221; Consalvo, 89 NY2d at 145).
Upon our review of the therapist's billing statement, we note that, for the therapy sessions that were held from October 9, 2023 to March 4, 2024, the Justice Court mistook the amount charged by the therapist for the amount paid by defendant. We therefore modify this portion of the sentence by reducing the amount of reparation ordered as a condition of probation to $1,975 and reducing the statutorily required five percent surcharge to $98.75 (see Penal Law § 60.27 [8]), for a total sum of $2,073.75 (see People v LaVilla, 87 AD3d 1369 [2011]).
With regard to defendant's claim that the Justice Court did not take her inability to pay into account when ordering the reparation, defendant is correct that courts have interpreted Penal Law § 65.10 (2) (g) to mean that, in cases where reparation is ordered as a condition of a sentence, due consideration should be given at any hearing as to the defendant's ability to pay (see People v Landes, 192 AD2d 1 [1993]). Here, although the Justice Court did not specifically mention defendant's financial ability to make reparation in its decision following the hearing, it cannot be said, as a matter of law, that the court did not consider this factor, as the court was provided with a report from the Department of Probation which set forth defendant's income and expenses, and heard testimony from defendant pertaining to the issue. However, we vacate the $500 fine in the interest [*3]of justice (see CPL 470.15 [3] [c], [6] [b]).
Finally, the Justice Court erred in ordering defendant to both make reparation and pay a mandatory surcharge, since the imposition of the mandatory surcharge is inconsistent with the requirement that the defendant make reparation (see Penal Law § 60.35 [6]; People v Mela, 172 AD2d 630 [1991]; People v Willis, 168 AD2d 470 [1990]; People v Turco, 130 AD2d 785 [1987]).
Accordingly, the judgment, insofar as appealed from, is modified by vacating the $500 fine imposed, reducing the amount of reparation to the total sum of $2,073.75 and by vacating the mandatory surcharge.
WALSH, J.P., CONWAY and VAZQUEZ-DOLES, JJ., concur.

ENTER:
Jennifer Chan
Chief Clerk
Decision Date: April 30, 2026